[No. 20085.    Department Two.—July 28, 1885.]

# THE PEOPLE, RESPONDENT, v. THOMAS NEASON, APPELLANT.

CRIMINAL LAW—PRIOR CONVICTION—PRACTICE.—The defendant was accused by information of the crime of burglary, and was convicted of burglary in the first degree; and sentenced to fifteen years imprisonment in the State prison. The information contained a charge that the defendant had been previously convicted of petit larceny. To the latter charge the defendant was allowed to plead guilty, no evidence was introduced to prove the same, and no verdict rendered thereon. *Held*, that inasmuch as the defendant might have been sentenced to fifteen years in the State prison on the conviction of burglary in the first degree without reference to the prior conviction of petit larceny, the proceedings as to the prior conviction might be disregarded and the judgment allowed to stand.

APPEAL from a judgment of the Superior Court of San Diego County.

The facts are stated in the opinion of the court.

*Leach & Parker*, for Appellant.

*Attorney-General Marshall*, for Respondent.

MYRICK, J.—The defendant was accused by information of the crime of burglary, and was convicted of burglary in the first degree, and sentenced to fifteen years imprisonment in the State prison. The information contained a charge that the defendant had been previously convicted of petit larceny. One point only is presented on this appeal, viz.: The defendant being charged with having suffered the previous conviction of petit larceny was allowed to admit and plead guilty to that charge, and no evidence was introduced to prove the same, nor any verdict rendered thereon. The defendant refers to the decision of this court in *People* v. *King*, 64 Cal. 338, as authority that the proceedings in this case show error. The difference in the two cases is this: In *People* v. *King* the defendant was accused of the crime of petit larceny, and a former conviction of felony, in which case the conviction for petit larceny would not justify imprisonment in the State prison unless the proceedings as to the former conviction were regular; while in the case before us, upon conviction for burglary in the first degree the defendant might have been sentenced to fifteen years in the

State prison, independent of the former conviction for petit larceny. The proceedings in this case as to petit larceny may be laid aside, and the judgment stand, no error appearing.

Judgment affirmed.

THORNTON, J., and SHARPSTEIN, J., concurrea.