[In Bank.—November 26, 1883.]

THE PEOPLE, RESPONDENT, *v.* JOHN KING,
APPELLANT.

CRIMINAL LAW—PRIOR CONVICTION—PRACTICE.—Where a person who has been convicted of a public offense, punishable by imprisonment in the State prison, commits another offense after such conviction, it is necessary, since the repeal of sections 969 and 1025 of the Penal Code, in proceeding against him by indictment or information, not only to charge the facts of the previous conviction and the subsequent offense, but also prove them. The defendant must plead to both charges, and upon the issues raised by his plea, both must be proved on the trial and passed upon by the jury. The admission by the defendant of a previous conviction is not sufficient.

APPEAL from a judgment of the Superior Court of Alemeda County.

The facts are stated in the opinion of the court.

*J. H. Smith,* and *Thos. F. Barry,* for Appellant.

*Attorney-General Marshall,* and *District Attorney Gibson,* for Respondent.

McKEE, J.—The defendant was convicted of petit larceny upon an information which charged him with the commission of grand larceny, and with having suffered a previous conviction for felony. At his arraignment he admitted that the charge of a previous conviction was true; and upon the verdict rendered against him and his admission of the former conviction the court sentenced him to imprisonment in the State prison for a term of five years.

The sentence was imposed under subdivision 3, section 666, of the Penal Code. By the provisions of that section, when a defendant in a criminal case is convicted of grand or petit larceny, after having suffered a previous conviction for felony, the court in which the conviction is had is authorized to punish him by imprisonment in the State prison not exceeding five years. A conviction for petit larceny and a former conviction for grand larceny, therefore, subjects a party to be punished as for a felony. Such legislation has been held constitutional. (*Ex parte Gutierrez,* 45 Cal. 429; *Plumbly* v. *Comm.* 2 Met. 413.) The increased punishment is not regarded as a part of

the penal consequences of the first offense, but applies exclusively
to the last as aggravated by the repetition of the same offense.

But although the information against the defendant contained
a charge of a previous conviction of grand larceny, there was
not, at the time the information was made and filed, or when
the defendant was arraigned upon it, any existing law, which
required the court to ask the defendant whether he had suffered
such a previous conviction, and. permitted him to answer that
he had or had not.

Before April 9, 1880, there was a section of the Penal Code
which provided that, "in charging in an indictment, the fact
of a previous conviction of a felony . . . . it is sufficient to
state: 'That the defendant, before the commission of the offense
charged in this indictment, was (giving the title of the court,
etc.) convicted of a felony.'" . . . . (§ 969, Pen. Code, 1873–74.)
There was also a section which provided as follows: "When a
defendant, who is charged in the indictment with having suf-
fered a previous conviction, pleads either guilty or not guilty of
the offense for which he is indicted, he must be asked whether
he has suffered such previous conviction. If he answer that he
has, his answer shall be entered by the clerk in the minutes of
the court, and shall, unless withdrawn by consent of the court,
be conclusive of the fact of having suffered such previous con-
viction in all subsequent proceedings. If he answer that he
has not, his answer shall be entered by the clerk in the minutes
of the court, and the question whether or not he has suffered
such previous conviction shall be tried by the jury which tries
the issue upon the plea of 'not guilty,' or in a case of a plea of
'guilty,' by a jury impaneled for that purpose. The refusal
of the defendant to answer is equivalent to a denial that he has
suffered such previous conviction. In case the defendant pleads
'not guilty,' and answers that he has suffered the previous con-
viction, the charge of previous conviction shall not be read to
the jury, nor alluded to on the trial." (§ 1025, Penal Code,
1873–74.)

The court below proceeded against the defendant under the
last section. When the defendant appeared for arraignment he
was asked by the court whether he had suffered the previous
conviction charged in the information, and he answered that he

had, but that he was not guilty of the subsequent offense with which he was charged. According to the section referred to, that made ·but a single issue to be tried by the jury, namely, the guilt or innocence of the subsequent offense.

But both sections, 969 and 1025, were absolutely repealed on April 9, 1880 (Amendments to Penal Code, pp. 15, 19), and there was no substituted legislation which authorized the proceeding which was taken against the defendant as to the charge against him of the previous conviction. The question asked him at the time of his arraignment was therefore illegal. He was not legally bound to answer it; and his answer could not be used against him, as the equivalent of a verdict of guilty, upon which, in connection with a verdict of· petit larceny, he could be adjudged guilty of felony and punished.

Manifestly, the legislature intended that a previous conviction of grand larceny, followed by a subsequent commission of the same offense, or of petit larceny, should constitute an aggravated offense, for which the offender ought to be punished as for a felony. But the charge of the previous conviction which entered into and made part of the aggravated offense was one to which the accused had the right to plead, and for which he had the right to be tried as in other cases.

It is true that section 1158 of the Penal Code provides: " Whenever the fact of a previous conviction of another offense is charged in an indictment or information, the jury, if they find a verdict of guilty of the offense for which the defendant is indicted or informed against, must also find whether or not he has suffered such previous conviction, unless the answer of the defendant admits the charge," etc. But that exception to the rule requiring the trial of an issue of fact, having been swept away by the repeal of the section of the Code which required such an answer to be made, the defendant stood for trial upon his plea of "not guilty," and he could be tried only upon the issue raised by that plea, and be convicted only by a verdict of the jury that tried him. No person accused of a public offense can be required by an unauthorized question asked him at his arraignment to criminate himself. (§ 688, Pen. Code.) Nor can he be tried or convicted under the provisions of a law · ·which has been repealed; nor can he be convicted unless by the

verdict of a jury accepted and recorded by the court, or upon a plea of "guilty," etc.   (§ 689, *supra.*)

Where, therefore, a person who has been convicted of a public offense, punishable by imprisonment in the State prison, commits another offense after such conviction, it is necessary, since the repeal of sections 966 and 1025 of the Penal Code, in proceeding against him by indictment or information, not only to charge the facts of the previous conviction and subsequent commission of crime, but to prove them.   The defendant must plead to both charges; and, upon the issue raised by his plea, both must be proved on his trial and be passed upon by the jury. There is no other mode of proving the facts.   "A more severe penalty is denounced by the statute for a second offense; and all the facts to bring the case within the statute must be established on the trial."   (*The People* v. *Johnson,* 55 N. Y. 514.) And the jury must by their verdict find the charge of a previous conviction true or not true.   (§ 1158, *supra.*)   Until there is such a verdict there can be no judgment of conviction upon the charge; and no punishment for an offense of which there has been no conviction.   Being convicted only of petit larceny, the defendant was punishable under section 490 of the Penal Code by fine or by imprisonment in the county jail, or by both, within the limits fixed by the law; but he was not punishable as for a felony under subdivision 3, section 666, *supra.* The judgment pronounced was therefore erroneous.

Judgment reversed and cause remanded with directions to the court below to pronounce sentence within the limits prescribed by section 490 of the Penal Code.

ROSS, J., SHARPSTEIN, J., and THORNTON, J., concurred.

McKINSTRY, J., concurred in the judgment.