[In Bank — December 29, 1883.]

# THE PEOPLE, RESPONDENT, v. OLIVER H. LEWIS, APPELLANT.

|  |  |
|---|---|
| 64 | 401 |
| 88 | 117 |
| 64 | 401 |
| 118 | 673 |
| 64 | 401 |
| 130 | 78 |

CRIMINAL LAW — PRACTICE — CONTINUANCE ON ACCOUNT OF ABSENT WITNESS. — It is not error to refuse a continuance on account of the absence of a witness, when it does not appear that the attendance of the witness can be procured in a reasonable time.

ID. — PREVIOUS CONVICTION — PLEA OF GUILTY — DISCRETION. — Where a defendant indicted for larceny and charged with a previous conviction of a like offense, and upon his arraignment pleads "not guilty to the offense charged in the indictment," it is not error for the trial court to refuse an offer to plead guilty to the charge of previous conviction.

ID. — INSTRUCTIONS — IDENTITY OF SECTIONS OF THE CODE. — Sections of the Code may be identified otherwise than by the numbers, and where the record in a criminal case shows that the court, when instructing a jury on the trial of a charge of grand larceny, read a section of the Penal Code, the language of which is set forth in the transcript, but the number of the section is not given, no error is disclosed.

LXIV. CAL. — 26.

ID. — And where the language of the section read would indicate that other sections of the same Code relating to the offense charged were also read, the result would not be different, for a statement that the sections relating to grand larceny were read would identify them sufficiently.

ID. — OWNERSHIP. — An indictment for larceny should allege the ownership in the thing stolen as of the date when the offense was committed.

ID. — JEOPARDY — PREVIOUS CONVICTION. — Where a person is charged with a pervious conviction of a similar offense, he is not twice put in jeopardy for the same offense within the meaning of the Constitution.

ID. — VERDICT. — A direction as to the form of the verdict, held, not erroneous.

APPEAL from a judgment of the Superior Court of Sonoma County, and from an order refusing a new trial.

The defendant was indicted for grand larceny, and charged with a previous conviction of a like offense. When instructing the jury the court said: "In this case there is a charge of previous conviction, I will give you two forms of verdict, instructing you, however, as to other forms. If you find the defendant not guilty, this is the form of your verdict: 'We, the jury, find the defendant not guilty.' If you find him guilty you must say: 'We, the jury, find the defendant guilty of grand larceny, and we find the charge of previous conviction not true'; or 'we find the defendant guilty of grand larceny, and we find the charge of previous conviction true.'" The jury returned a verdict in accordance with the last form. The remaining facts appear in the opinion of the court.

*Jno. T. Campbell,* and *Barclay Henley,* for Appellant.

The continuance should have been granted. (Pen. Code, § 1052; *People* v. *Diaz,* 6 Cal. 248; *People* v. *McCrory,* 41 Cal. 458; *People* v. *Dodge,* 28 Cal. 445.) Boose being dead had no interest in the property. His heirs represented his interest, and it was error not to make the proof. The court erred in not permitting defendant to plead guilty to the charge of previous conviction. (Pen. Code, § 1158.) The court read certain sections of the Penal Code when instructing the jury, but no one can now tell what sections. No record was preserved. The object of the law, doubtless, is to have a complete and reliable record of all that the judge says in his charge to the jury. The court erred in its direction as to the form of verdict.

*Attorney-General Marshall,* for Respondent.

THORNTON, J.—In this action the defendant was indicted for grand larceny, and in the indictment was charged with a previous conviction of a like offense. The defendant was arraigned and pleaded "not guilty to the offense charged in the indictment."

The continuance was properly refused. It did not seem that the attendance of the alleged absent witness could have been procured in a reasonable time. (*People* v. *Cleveland,* 49 Cal. 580; *Same* v. *Ah Yute,* 53 Cal. 613.)

On the trial, the defendant offered to plead guilty to the charge of previous conviction. The court denied the offer. It is urged that this was error. We cannot accord with this view. The nine hundred and sixty-ninth section of the Penal Code, specially relating to the arraignment when a previous conviction was charged, had been repealed before the arraignment was had. The arraignment was had in May, 1882, while the section was repealed in 1880. (See Desty's Ed. of Pen. Code of 1881, § 969.) Under these circumstances the arraignment had to be made under the statute as it was left unrepealed. (Pen. Code, § 1017.) Under this section the defendant was properly arraigned, and on such arraignment he pleaded not guilty as charged. This we regard as a compliance with the statute.

Having then regularly pleaded, the court was not bound afterwards on the trial to accept the plea of guilty of the previous conviction. It may be in its discretion to do so or not—not a discretion, however, to be arbitrarily exercised, but one in accordance with the principles of law and its analogies. If the court abused its discretion in so ruling, a reversal would follow, but we cannot see that it went beyond what the law permitted. Viewing the question as one addressed to the discretion of the court is the most favorable that can be taken for the defendant, and in that view there is no error. We will add here that the answer of defendant in section 1158 of the Penal Code is the plea which he tenders on arraignment. (*People* v. *King,* 64 Cal. 338.)

It is stated that the court, in charging the jury, read a certain

section of the Penal Code, the number of which is not given, and therefore it is in error. The bill of exceptions states what occurred in the following words: "The Court—I will instruct you, gentlemen, in the language of the statute. [Reads § —— of Pen. Code.] *Larceny in other cases is petit larceny.*"

The words underscored are the words used in section 488 of the Penal Code. It does not appear that more than one section was read, and the language of one section is given in the charge. Does this disclose error? We cannot say that it does. It may be that the court read other sections, but this does not appear. Error must be deducible from the record. If it does not appear it does not exist; and it must be recollected that all intendments are in favor of the correctness of the action of the court below.

It may be argued that the language used, "that larceny in other cases is petit larceny," shows that a section was read defining cases which were not petit larceny. Granting this to be so, it would also show that the other sections in relation to grand larceny were read, and this would identify them sufficiently to bring them within the rule of *People* v. *Mortier,* 58 Cal. 262.) Sections of the Code may be identified otherwise than by the numbers. If it was stated that the sections in relation to grand larceny were read, this would identify them sufficiently, and according to the rule in *People* v. *Mortier, supra,* there would be no error.

The defendant was charged in the indictment with stealing on the 29th of December, 1881, a cow, the property of Robert Farran, William A. Boose, and Edward Clysdale. At the time the indictment was found (3d of May, 1882) Boose had deceased. It is said the indictment should have alleged the ownership, and the proof should have followed the allegation. This is assigned as an error. The indictment alleged the ownership as of the date when the offense was committed. The ownership was properly alleged of the date mentioned, and the evidence established the allegation.

The defense of once in jeopardy is untenable under the settled law of this State. (*People* v. *Stanley,* 47 Cal. 113.)

The direction as to the form of the verdict was correct, and the evidence was sufficient to justify the verdict.

No error appearing in the record, the judgment and order are affirmed.

MORRISON, C. J., MYRICK, J., ar d SHARPSTEIN, J., concurred.