THE PEOPLE, RESPONDENT, v. CHARLES C. BROOKS, APPELLANT.

CRIMINAL LAW — ASSAULT WITH INTENT TO COMMIT ROBBERY — ARRAIGNMENT — PREVIOUS CONVICTION — CONFESSION OF DEFENDANT. — The repeal of section 1025 of the Penal Code extinguished the right of the court to ask a defendant in a criminal case whether he had suffered a previous conviction; but where a previous conviction is charged, and the defendant is arraigned in the mode required by section 988 of the Penal Code, and in his plea voluntarily confesses the prior conviction, it is not necessary that the jury find specially as to the charge of previous conviction. A general verdict and the voluntary confession are sufficient.

ID. — PUNISHMENT. — A defendant found guilty of an assault with intent to commit robbery, and a prior conviction of grand larceny, may be punished by imprisonment in the State prison for any term of years not less than ten.

APPEAL from a judgment of the Superior Court of Marin County.

The facts appear in the opinion of the court.

*F. M. Angellotti,* for Appellant.

*Attorney-General Marshall,* for Respondent.

THORNTON, J.—The defendant was accused by information of an assault with intent to commit robbery, and was further charged in the same information with having been, before the commission of the offense above mentioned, convicted of the crime of grand larceny.

The defendant was arraigned in the mode required by section 988 of the Penal Code. This was allowable. This court so held in *People* v. *Lewis,* 64 Cal. 401. The ten hundred and twenty-fifth section of the Penal Code, which prescribed the mode of arraignment where a previous conviction was charged, having been repealed before the arraignment of the defendant was had, such arraignment of defendant could only be made under section 988 of the Penal Code, which applied to all cases where arraignment was requisite. (*People* v. *Lewis, supra.*)

This mode of arraignment was entirely different from that pursued in *People* v. *King,* 64 Cal. 338. In that case the defendant was asked on his arraignment whether he had suffered a previous conviction. He was then arraigned under the ten hundred and twenty-fifth section of the Penal Code, which had at that time been repealed. The court held this was error, and for that reason reversed the judgment. In *People* v. *Lewis* the defendant was arraigned under section 988, and this court held the arraignment proper. No question was put to the defendant in *People* v. *Lewis,* as in *People* v. *King,* whether or not he had suffered a previous conviction, and this court found nothing illegal in the arraignment in Lewis' case. Lewis pleaded not guilty, and it was held that he was not properly triable on such a plea.

The special mode of arraignment in section 1025 having been done away with by a repeal, did not leave the courts without a mode of arraignment. The section, 988, afforded a mode of arraignment applicable to this as well as other informations or

indictments for criminal offenses. The trial courts could do nothing else than resort to the mode pointed out by section 988.

On the arraignment of the defendant in the case under consideration, he, as it appears from the transcript, in reply to the usual question whether he pleaded "guilty or not guilty," pleaded as follows: "That he is not guilty of the offense charged, and confesses and admits that he was, before the alleged commission of said offense, convicted of the crime of grand larceny as set forth in the information."

The confession as to the prior conviction was voluntarily tendered by the defendant, in response to the usual inquiry whether he pleaded guilty or not guily. No question was put to him by the court or at its instance, as to the former conviction. His guilt in that regard was by him voluntarily confessed.

The jury found a general verdict, that the defendant was guilty as charged in the information. This verdict was broad enough to cover all the issues made by the pleading, and was in all respects regular. It was not necessary after the voluntary confession of the defendant, that the jury should find specially as to the previous conviction. (Pen. Code, § 1158.) The court might well render judgment on the verdict and the voluntary confession of the defendant. (§ 1158, *supra*.)

The confession made in this case on the arraignment as to the previous conviction is the *answer* of section 1158, or that word means nothing. That he is allowed to answer in this way is evident from the first subdivision. (§ 1093, Pen. Code.) The section down to and including subivision one, is as follows: "The jury having been impaneled and sworn, the trial must proceed in the following order, unless otherwise directed by the court:—

"1. If the indictment or information be for felony, the clerk must read it and state the plea of the defendant to the jury, and in cases where it charges a previous conviction, and the defendant has confessed the same, the clerk, in reading it, shall omit therefrom all that relates to such previous conviction. In all other cases this formality may be dispensed with."

Although the question could not, since the repeal of section 1025, be asked of defendant whether he had suffered a previous

conviction, still it is evident from sections 1093 and 1158, that he might answer voluntarily that part of the indictment when read to him on his arraignment, and when he confessed such conviction in his answer the clerk was required to omit what related to it. This course was pursued on the trial of this defendant, and we see no error in it. The defendant was not bound to answer the question if put, nor was the court allowed to ask it after the repeal of section 1025; but there was nothing inhibiting the defendant from a voluntary answer, and when he did so answer, admitting or denying the previous conviction, the court, under section 1158, in the latter case, when the conviction is denied, must take the verdict of the jury on the issue of previous conviction, and the jury must respond as required by section 1158. If confessed, there need be no verdict on the answer under the same section, and the court can proceed on the verdict as to the other issues in the case, and pronounce judgment on the verdict when it declares guilt, and the voluntary answer or confession. Section 1207 of the Penal Code directs the mode in which judgment is entered. There is nothing here in conflict with *People* v. *King, supra,* and all said here is in harmony with *People* v. *Lewis.*

In the last case the judge refused to receive the confession, which was tendered after arraignment, and while the trial was going on directed the jury to find under the plea of not guilty, on the issue of prior conviction, whether true or not, in accordance with section 1158, and this court approved the course pursued by the lower court.

As to this matter, we think it proper to remark that the legislation in regard to it is most singular. Why sections 969 and 1025 should be repealed, leaving section 1158 unrepealed, we cannot conceive. It has produced great embarrassment in the administration of criminal justice, and has been of benefit to no one. It would have been better to have left these three sections standing unrepealed or repeal them all. Great caution must be observed in amending the four Codes. They are to be construed as parts of the same statute (§ 4480, Pol. Code), and in pursuing the mode usually adopted of amending by amending one section, unless all the provisions of the Code, and especially of the Code to be amended, are kept in mind and

considered, incongruities, contradictions, and anomalies will get into the Codes, and each of them, which will produce much delay and embarrassment of justice, and results brought about much to be deprecated, and by all means to be avoided. (See Pol. Code, §§ 4478–4484, both inclusive.)

The defendant was adjudged to suffer the punishment of imprisonment in the State prison for thirty-five years.

It is said that this punishment is greater than that allowed by law. We cannot admit the soundness of this contention. The defendant had previously suffered a conviction of grand larceny, which was punishable with confinement in the State prison for not less than one nor more than ten years. (Pen. Code, § 489.) He was also convicted of an assault with intent to commit robbery, punishable by imprisonment in State prison for more than five years. (Pen. Code, § 220.) This brings the case within section 666 of the same Code, and the first subdivision thereof. This section, including the subdivision referred to, is as follows:—

"Every person who, having been convicted of any offense punishable by imprisonment in the State prison, commits any crime after such conviction, is punishable therefor as follows:—

"If the offense of which such person is subsequently convicted is such that upon a first conviction an offender would be punishable by imprisonment in the State prison for any term exceeding five years, such person is punishable by imprisonment in the State prison not less than ten years."

The previous conviction of grand larceny rendered defendant punishable by imprisonment in the State prison. (§ 489, *supra*.) The subsequent conviction of defendant rendered him punishable by imprisonment in the State prison for a term exceeding five years. (§ 220, *supra*.) Then the defendant, by section 666, subdivision 1, is punishable by like imprisonment *for not less than ten years*.

The term of punishment is not definitely fixed, and under section 671 of the same Code, the court has the power to sentence defendant for the term of his natural life, or for ten years, or any number of years not less than ten. The court, by its judgment, selected as the period of imprisonment the term of thirty-five years. This sentence is then in accordance with the sections just above referred to, and is valid.

We find no error in the record, and the judgment is affirmed.

SHARPSTEIN, J., and MYRICK, J., concurred.