[No. 20296. In Bank. — September 26, 1887.]

Ex parte YOUNG AH GOW, on Habeas Corpus.

CRIMINAL LAW — PETIT LARCENY — PRIOR CONVICTION — ARRAIGNMENT — VOLUNTARY CONFESSION OF — VERDICT — SENTENCE. — In a prosecution for petit larceny under an information which also charges the defendant with prior convictions for like offenses, when the defendant on his arraignment pleads not guilty of the offense charged in the information and voluntarily confesses the prior convictions, and the jury returns a verdict finding him guilty of petit larceny, the court has jurisdiction to impose a sentence as upon a conviction of petit larceny, second offense, as provided by section 667 of the Penal Code.

APPLICATION for a writ of *habeas corpus*. The facts are stated in the opinion of the court.

*Lyman I. Mowry*, and *Henry I. Kowalsky*, for Petitioner.

*E. B. Stonehill*, and *W. W. Knott*, for Respondent.

THORNTON, J. — The return shows that the petitioner for the writ was imprisoned on a commitment issued out of the Superior Court of the city and county of San Francisco, of which the following is a copy: —

## " COMMITMENT.

" In the Superior Court, City and County of San Francisco, State of California, Department Five, Tuesday, March 29, 1887.

" Present, Hon. John Hunt, Judge.

" The People of the State of California v. Young Ah Gow, convicted of petit larceny, second offense.

" The district attorney, with the defendant and his counsel, Mr. L. I. Mowry, came into court. The defendant was duly informed by the court of the information duly presented and filed on the seventeenth day of February, 1887, by the district attorney of the city and county of San Francisco, charging said defendant with the crime of petit larceny, second offense; of his arraignment and plea of 'not guilty, as charged in said information'; of his trial and the verdict of the jury, on the sixteenth day of March, 1887, 'guilty as charged.' And defendant's motion for a new trial herein having been denied by the court, defendant by his counsel excepting thereto. The defendant was then asked if he had any legal cause to show why judgment should not be pronounced against him; to which defendant replied he had none. And no sufficient cause being shown or appearing to the court, thereupon the court renders its judgment: That whereas, the said Young Ah Gow having been duly convicted in this court of the crime of petit larceny, second offense, it is therefore ordered, adjudged, and decreed that the said Young Ah Gow be punished by imprisonment in the state prison of the state of California, at San Quentin, for the term of five (5) years. The defendant was then remanded to the custody of the sheriff of the said city and county, to be by him delivered into

the custody of the proper officers of said state prison at San Quentin.

"Office of the County Clerk of the City and County of San Francisco:

"I, William J. Ruddick,—county clerk of the city and county of San Francisco, and *ex officio* clerk of said Superior Court thereof, do hereby certify the foregoing to be a true and correct copy of the judgment entered on the minutes of said court, in and for the city and county of San Francisco, state of California, in the above-entitled cause, as appears of record in my office.

"Attest my hand and the seal of the said Su-
[SEAL]    perior Court, this twenty-ninth day of March, A. D. 1887.

"WM. J. RUDDICK, Clerk.

"By BEVL. McNULTY, Deputy Clerk."

From the record in the cause of People *v.* Young Ah Gow (the petitioner), it appears that the defendant was charged by information with the crime of petit larceny and previous convictions for crimes committed before the petit larceny charged in the information, as follows: five several convictions of petit larceny, one of burglary, and another of burglary in the second degree.

On his arraignment the information was read to him, and he pleaded not guilty of the offense charged in the information, and voluntarily confessed every prior conviction set forth therein.

The plea exhibits a rare aggregation of crime, and a clear confession. We subjoin it:—

"I am not guilty of the offense charged in the information, and I confess and admit that I was, before the alleged commission of said offense, convicted of the crime of petit larceny in the Police Judge's Court of the city and county of San Francisco, state of California, on or about the fifth day of October, 1880, as set forth in the information. I confess that I was, before the alleged commission of said offense, convicted of the

crime of burglary in the Municipal Criminal Court of the city and county of San Francisco, state of California, on or about the thirtieth day of December, 1873, as set forth in the information. I confess and admit that I was, before the alleged commission of said offense, convicted of the crime of petit larceny in the Police Judge's Court of the city and county of San Francisco, state of California, on or about the sixth day of August, 1877, as set forth in the information. I confess and admit that I was, before the alleged commission of said offense, convicted of petit larceny in the Police Judge's Court of the city and county of San Francisco, state of California, on or about the third day of January, 1879, as set forth in the information. I confess and admit that I was, before the alleged commission of said offense, convicted of the crime of petit larceny in the Police Judge's Court of the city and county of San Francisco, state of California, on or about the fifth day of October, 1880, as set forth in the information. I confess and admit that I was, before the alleged commission of said offense, convicted of the crime of petit larceny in the Superior Court, Department No. 11, of the city and county of San Francisco, state of California, on or about the thirteenth day of November, 1880, as set forth in the information. I confess and admit that I was, before the alleged commission of said offense, convicted of the crime of burglary, second degree, in the Superior Court of the county of Sacramento, state of California, on or about the twentieth day of November, 1881, as set forth in the information."

The cause was tried before a jury. The defendant introduced no testimony. The plea of not guilty was alone submitted to the jury, who, after hearing the testimony, without leaving their seats, rendered the following verdict: "We, the jury, find the defendant guilty of petit larceny." Thereupon the court proceeded to render its judgment, adjudging the defendant guilty of

*petit larceny, second offense,* and to imprisonment in the state prison for the term of five years. (The return above quoted is a copy of the judgment.)

We are asked on this showing to discharge the petitioner from custody on the ground of excess of jurisdiction by the court in the sentence pronounced.

That the court had jurisdiction of the petit larceny and of the prior convictions is not denied. But the point is deliberately made here that the conviction was only for petit larceny, and that the court had no authority to sentence petitioner to an imprisonment in the state prison upon such conviction.

But the judgment in the record shows plainly that the sentence was for petit larceny, second offense. In other words, the sentence was for the petit larceny charged in the information, and a previous conviction of the same offense. (Pen. Code, sec. 1207; *Matter of Ring*, 28 Cal. 247; *Ex parte Murray*, 43 Cal. 457.) And under such circumstances, the court can pronounce such a sentence as the one here imposed. (See Pen. Code, sec. 667, first clause of the section, and subd. 3.) The court is by these clauses clearly invested with authority to impose such sentence.

The judgment follows the verdict and confession of defendant, and is in all respects regular. There were other matters referred to on the argument, which relate merely to the exercise of jurisdiction, and do not go to the jurisdiction of the court. They merely relate to the procedure on the trial, and are not *per se jurisdictional.* If they showed error committed in the trial court, they could only be reviewed on regular proceedings in an appeal court. We will add here, however, that we find no error in the record. The trial was according to rule, and no right of the defendant was trenched upon.

The court followed on the trial the rulings of this court in regard to arraignment, plea, submission to jury, and verdict, in *People* v. *Lewis*, 64 Cal. 401, and *People* v.

*Brooks*, 65 Cal. 296, and contravened nothing said in *People* v. *King*, 64 Cal. 338.

On the argument, some remarks were made on the decisions of this court in the cases just above cited. They were spoken of as inharmonious and contradictory. A careful examination of the opinions in the causes will show that this is not so.

We will consider the cases in their order.

*People* v. *King* was first decided, the opinion having been filed on the 26th of November, 1883.

King was convicted of petit larceny on an information charging him with the commission of grand larceny, and also with having suffered a previous conviction for felony.

The error on which the cause was reversed was as to the sentence pronounced on the verdict. The point is discussed in the opinion, and the points herein noticed were made. On his arraignment, King was asked by the court whether he had suffered the previous conviction charged in the information. He pleaded not guilty to the specific offense charged, and admitted the previous conviction. This court said the arraignment was had on a section of the Penal Code (1025) which had been repealed, and that the question asked by the court as to the prior conviction was illegal. Further on in the opinion the court said: "No person accused of a public offense can be required by an unauthorized question asked him at his arraignment to criminate himself"; citing section 688, Penal Code.

The question being illegal, King "was not bound to answer it, and his answer could not be read against him, as equivalent to the verdict of guilty, upon which, on conviction, with a verdict of petit larceny, he could be adjudged guilty, and punished."

The opinion proceeds on the idea that King had been arraigned in a mode unauthorized by law; that the plea of *not guilty* should be considered as extending to the

whole information, as denying all its allegations, both as to the specific offense charged and the prior conviction, and therefore he had a right to have the jury pass on them; that the jury did pass on them, and found a verdict of guilty of petit larceny. This was regarded by the court as a finding that the previous conviction was not true. We therefore held that the punishment on the verdict could only be for petit larceny under section 490 of the Penal Code, and that confinement in the state prison was not the punishment allowed by law.

The only point really decided was, that the sentence was illegal. The observations in the opinion were made in discussing this point, and were made to enforce the conclusion that the sentence to the state prison was not authorized by the law.

The starting-point in the reasoning was the illegality of the arraignment, which, it is stated, was had under a repealed statute, section 1025 of the Penal Code. The illegal part of the plea was there rejected, and it was held to be a plea of not guilty to the *whole information.* In this view the jury must pass on all the issues. It was held that it did so in finding the verdict, affirming guilt only as to petit larceny. The verdict was construed as negativing the existence of the previous conviction, holding it not to be true. On this construction of the verdict, it was held the judgment or sentence could only pronounce the punishment appropriate to petit larceny, which was not imprisonment in the state prison.

*People* v. *Lewis,* 64 Cal. 401, was heard and decided in the month following that in which the judgment was rendered in *People* v. *King,* 64 Cal. 338, viz., on December 29, 1883.

In Lewis's case the indictment was for grand larceny and previous conviction of a like offense. On his arraignment Lewis pleaded not guilty to the offense charged in the indictment. The court below held this

plea as extending to all the averments of the indictment to the larceny charged, as well as the previous conviction. Lewis, on the trial, offered to plead guilty to the previous conviction. This the court refused to allow. Construing the plea as above stated, that the previous conviction was denied, the court directed the jury as to the form of the verdict, in accordance with section 1158 of the Penal Code, and the jury found the following verdict: "We, the jury, find the defendant guilty of grand larceny, and we find the charge of previous conviction true."

The above was sustained by this court, and the action of the trial court approved and affirmed.

In Lewis's case the trial court did what this court said in King's case would have been correct. The defendant was allowed to plead according to the usual and lawful mode to the whole indictment. This he did in his plea of *not guilty*. No question was asked on the arraignment as to the previous conviction. The arraignment was had under the section of the code relating to arraignments in criminal actions generally. (Secs. 988, 1017.) He was not arraigned under the repealed section (1025), as King was. We think it clear that if King had been arraigned as Lewis was, and the verdict in his case found as in Lewis's case, the court would, on the views expressed in the opinion in King's case, have held that the judgment in King's case was without error. In fine, the elements in Lewis's case were what the court, speaking by McKee, J., said were lacking in King's case. Lewis's case had the requisite elements, and was affirmed; King's case lacked them, and was disapproved.

*People* v. *Brooks*, 65 Cal. 296, was decided May 29, 1884. Brooks was charged in an information with the offense of an assault with intent to commit robbery, and a previous conviction of grand larceny.

The defendant was arraigned under section 988 of the Penal Code, as Lewis was, and as this court said should have been done in King's case.

This court said in Brooks's case, in regard to this arraignment, that the special mode of arraignment prescribed by section 1025 no longer existing, as that section had been repealed, the trial court had to resort to section 988, which prescribed the mode of arraignment in all cases. And it will be here observed this was the only mode then left for arraignment. If the arraignment was not had under section 988, there was no mode of arraignment provided by statute. Of necessity, the court below was compelled to resort to section 988 as its only guide for arraigning a person charged with a criminal offense. If this mode did not exist, there was no other, unless the court could resort to the common-law mode.

On Brooks's arraignment he pleaded not guilty of the offense charged, and " confesses and admits that he was, before the alleged commission of the offense, convicted of the crime of grand larceny, as set forth in the information."

In this case (Brooks's), the only question asked was, ". Guilty or not guilty? " The question held to be illegal was not put to him.

It was further held in Brooks's case that the voluntary confession was legal. Such voluntary confession is allowed by law. A party may confess his guilt as well in court as out of court.

The verdict was held to be proper, and that it was not necessary, after the voluntary confession, that the jury should find as to the previous conviction. This is in accordance with section 1158 of the Penal Code, which we here insert.

" 1158. Whenever the fact of a previous conviction of another offense is charged in an indictment or information, the jury, if they find a verdict of guilty of the offense with which he is charged, must also, unless the answer of the defendant admits the charge, find whether or not he has suffered such previous conviction. The

verdict of the jury upon a charge of previous conviction may be: ' We find the charge of previous conviction true,' or, ' We find the charge of previous conviction not true,' as they find that the defendant has or has not suffered such conviction."

And this court further held, in the case of Brooks, that the court might well render judgment on the verdict and the confession under section 1158.

The court further held that the confession of the previous conviction is the *answer* of section 1158. That *answer* meant that, or it meant nothing. We see no other meaning that can be attributed to the word " answer." We must either give it that meaning, or elide it from the statute, which we are not allowed to do.

We further held that the first subdivision of section 1093 of the Penal Code allows such confession, and quoted the portion of section 1093 to which reference was made. It was further said that when confession is made under section 1093, that portion of the information is not read to the jury on the trial, and in fact does not go to the jury (section 1158), and the jury, therefore, are not allowed to pass on it.

We insert here the repealed sections, and that portion of section 1093 above referred to.

" Section 969. In charging in an indictment the fact of a previous conviction of a felony, or of an attempt to commit an offense which, if perpetrated, would have been a felony, or of petit larceny, it is sufficient to state: ' That the defendant, before the commission of the offense charged in this indictment, was in [giving the title of the court in which the conviction was had] convicted of a felony [or attempt, etc., or of petit larceny].' If more than one previous conviction be charged in the indictment, the date of the judgment upon each conviction shall be stated, and not more than two previous convictions shall be charged in any one indictment."

" Section 1025. When a defendant, who is charged in

the indictment with having suffered a previous conviction, pleads either guilty or not guilty of the offense for which he is indicted, he must be asked whether he has suffered such previous conviction. If he answers that he has, his answer shall be entered by the clerk in the minutes of the court, and shall, unless withdrawn by consent of the court, be conclusive of the fact of his having suffered such previous conviction in all subsequent proceedings. If he answer that he has not, his answer shall be entered by the clerk in the minutes of the court, and the question whether or not he has suffered such previous conviction shall be tried by the jury which tries the issues upon the plea of ' not guilty,' or in case of a plea of ' guilty,' by a jury impaneled for that purpose. The refusal of the defendant to answer is equivalent to a denial that he has suffered such previous conviction. In case the defendant pleads ' not guilty,' and answers that he has suffered the previous conviction, the charge of the previous conviction shall not be read to the jury, nor alluded to on the trial."

" 1093. The jury having been impaneled and sworn, the trial must proceed in the following order, unless otherwise directed by the court:—

" 1. If the indictment or information be for felony, the clerk must read it, and state the plea of the defendant to the jury, and in cases where it charges a previous conviction, and the defendant has confessed the same, the clerk, in reading it, shall omit therefrom all that relates to such previous conviction. In all other cases, this formality may be dispensed with."

Now, considering the opinions in the cases together, where is the inharmony or contradiction in the judgments rendered?

In construing the judgment (opinion) in *People* v. *King*, 64 Cal. 338, attention must be given to its peculiar features, and the language used therein in regard to them. In *Cohens* v. *State of Virginia*, 6 Wheat. 399,

Marshall, C. J., speaking for the court of some *dicta* of that court in *Marbury* v. *Madison*, observed as follows:—

"It is a maxim not to be disregarded that general expressions, in every opinion, are to be taken in connection with the case in which those expressions are used. If they go beyond the case, they may be respected, but ought not to control the judgment in a subsequent suit when the very point is presented for decision. The reason of this maxim is obvious. The question actually before the court is investigated with care, and considered in its full extent. Other principles which may serve to illustrate it are considered in their relation to the case decided, but their possible bearing on all other cases is seldom completely investigated."

In *Richardson* v. *Mellish*, 2 Bing. 248, Best, C. J., of the Common Pleas, used this language with reference to an opinion cited on the argument:—

"There are expressions used by the chief justice in that case which seem to bear on the present; but the expressions of every judge must be taken with reference to the case on which he decides; otherwise the law will get into extreme confusion. That is what we are to look at in all cases. The manner in which he is arguing is not the thing; it is the principle he is deciding. If ever I could have imagined it could have been extended to such a case as this, I would have protested against, though I could not have prevented, the decision. I would, in my place, have protested against it, for I should have seen the injustice and confusion to which such a doctrine would have been liable to be extended. I am quite satisfied that not one of the learned judges who decided that case ever conceived that its authority could be pressed to the extent to which it has been pressed in this case."

We take it to be a sound rule that the expressions of a judge in an opinion must be taken with reference to the case on which he decides; and if expressions there

used go beyond the case, they may be respected, but "ought not to control the judgment in a subsequent case when the very point is presented for decision."

The case (King's) before the court was one in which it was first held that the arraignment was had in a mode which was illegal. It was illegal in that a question was asked which was not allowed, since section 1025, which allowed it, had been repealed. The court regarded the plea of not guilty as alone before the court, on which the trial was to be had, and the answer was, for the reasons above given, rejected as not in the plea. It was in reference to this state of the case that the court said that "the jury must, by their verdict, find the charge of a previous conviction true or not true." Upon the construction of the plea put upon it by the court, that it was only "not guilty," all the allegations of the information were put in issue, and all must be passed on by the jury. It was in this view that the court said that both charges must be proved, and both must be found upon by the jury. That the defendant must plead to both charges, all the three cases referred to above hold. This was done in all the cases; in the first case by "not guilty," and the other cases by "not guilty," and "not guilty, and a confession of the previous convictions."

In commenting on section 1158, the court did say in King's case that the exception in section 1158, in relation to the rule requiring an issue of fact to be tried as prescribed in that section, being swept away by the repeal of the section of the code which required an answer to be made (the reference here was to section 1025), the defendant stood for trial on his plea of "not guilty." But it had been clearly held in the preceding part of the opinion that the plea of "not guilty" was the only plea before the court. There was no necessity for saying that this was in consequence of the law requiring the answer having been swept away by the repeal of section

1025, which allowed it to be made. This part of the opinion was entirely *obiter*, outside of the case. The court must have overlooked section 1093, which refers to such answer by the words, " and the defendant has confessed the same," in connection with section 1158, where the answer of defendant, in regard to the previous conviction, is referred to, neither of which sections quoted above in full (1093 or 1158) had been repealed, and still held their place for the guidance of courts in such cases as those of King, Lewis, and Brooks. The observations of this court in King's case, in regard to section 1158, were made in a cause where the facts were different from the one before us; they relate to a point not necessary to be decided in King's case, and though they should be respected, " ought not to control the judgment in a subsequent suit where the very point is presented for decision." This very point was presented for decision in Brooks's case.

We will observe here, in relation to the sections above referred to, that 969 was modified in 1874 (see amendments to Codes 1873–74, page 438) so as to read as it did when repealed April 9, 1880.

Section 1025, not in the original code, was inserted in 1874. (See amendments above cited, page 439.) The form of section 1158, in the code as first adopted, was changed in 1874.

By the act of April 9, 1880, sections 969 and 1025 were repealed. (See amendments to Codes for 1880, part relating to Penal Code, page 15, section 30, and page 19, section 56.) In 1874 section 1093 was amended. (See amendments of 1874, *supra*, page 444.) By the act of 1880 (April 9), sections 1158 and 1093 were again amended so as to read as they did when the cases above discussed were decided. (See amendments of 1880 to Penal Code, section 64, page 21, and section 82, page 24.)

So it will be perceived that on the same day, and by the same act, sections 969 and 1025 were repealed, and

1093 and 1158 were amended. In so framing the code, the legislature doubtless came to the conclusion that 1093 and 1158, as they were then framed, furnished a complete system. The above history of the legislation shows that in the construction put on these sections in Brooks's case this court acted in accordance with the legislative intent.

We cannot perceive any lack of jurisdiction in the court in pronouncing the sentence in the case of the petitioner here, and he is therefore remanded to the custody of the proper officer, to be dealt with according to law.

Ordered accordingly.

SEARLS, C. J., McFARLAND, J., PATERSON, J., and SHARPSTEIN, J., concurred.

McKINSTRY, J., dissented.