STATE, RESPONDENT, *v.* O'NEILL, APPELLANT.

(No. 5,963.)

(Submitted June 10, 1926. Decided June 24, 1926.)

[248 Pac. 215.]

*Criminal Law—Burglary—Prior Convictions—Admissions by Defendant—Effect on Subsequent Trial Procedure—Instructions—Defendant as Witness—Cross-examination.*

Criminal Law—Prior Convictions—Admission by Defendant—Effect on Trial Procedure:

1. *Held,* that where defendant, charged with burglary and three prior convictions, at the opening of the trial admitted the prior convictions, the court did not err in permitting knowledge of the prior convictions to go to the jury by allowing the county attorney to read the information charging such convictions, in overruling an objection to the question asked defendant on cross-examination as to the prior convictions, or in instructing the jury that if they found the defendant guilty of burglary they should then consider the matter of the former convictions, giving the provisions of the statute fixing punishment for that crime when aggravated by prior convictions of felonies, in view of the provisions of section 11969, Revised Codes, requiring the county attorney to state the case and offer evidence in support of the prosecution, and the fact that without such knowledge the jury could not intelligently fix the punishment to fit the crime.

Same—Prior Convictions—Admissions—Appeal.

2. While it is not necessary for the jury to find that a charge of prior conviction is true where the charge is admitted, if it does so find, defendant is not in a position to complain.

Same—Instructions—Failure to Object at Settlement—Appeal.

3. Error may not be predicated upon the giving of an instruction to which no objection was made at the time the instructions were settled.

---

1. Admission of prior conviction, see note in **Ann Cas.** 1912A, 1001. See, also, 8 **R. C. L.** 276.

3. See 2 **R. C. L.** 75.

[76 Mont. 526.]

Same—Defendant as Witness—Cross-examination.

    4. Where a defendant in a criminal cause becomes a witness in his own behalf he is subject to the same rules of cross-examination and impeachment as any other witness; hence a question whether he had not suffered the previous convictions charged in the information was proper.

---

[1] Criminal Law, 16 C. J., sec. 3162, p. 1344, n. 18; sec. 3164, p. 1345, n. 37 New; sec. 3211, p. 1363, n. 21, 23. Indictment and Information, 31 C. J., sec. 282, p. 734, n. 61, 62.

[2] Criminal Law, 16 C. J., sec. 3177, p. 1348, n. 6; 17 C. J., sec. 3557, p. 211, n. 4.

[3] Criminal Law, 17 C. J., sec. 3333, p. 64, n. 3.

[4] Witnesses, 40 Cyc., p. 2624, n. 71.

*Appeal from District Court, Big Horn County; O. F. Goddard, Judge.*

HARRY O'NEILL was convicted of burglary in the first degree, and appeals from the judgment and an order denying his motion for a new trial. Affirmed.

*Mr. Franklin D. Tanner,* for Appellant, submitted a brief, and argued the cause orally.

*Mr. L. A. Foot,* Attorney General, *Mr. A. H. Angstman,* Assistant Attorney General, and *Mr. T. H. Burke,* county attorney of Big Horn county, submitted a brief; *Mr. Burke* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

By an information filed in the district court of Big Horn county on March 4, 1926, Harry O'Neill and Robert Morse were charged jointly with the crime of burglary. It was also charged that defendant O'Neill had been convicted of the crime of grand larceny in 1916, of carrying concealed weapons in 1920, and of grand larceny again in 1922, and that defendant Morse had been convicted of robbery in 1921. Upon arraignment each defendant entered a plea of not guilty and demanded

---

    4. Impeachment of defendant testifying in criminal case, see notes in 82 Am. St. Rep. 26; 6 A. L. R. 1608; 25 A. L. R. 339. See, also, 28 R. C. L. 621.

a separate trial. The trial of O'Neill resulted in a verdict finding him guilty of burglary in the first degree, and finding the charge of prior convictions true. Defendant has appealed from the judgment entered on the verdict and from an order denying him a new trial.

At the opening of the trial defendant admitted as true the [1] allegations charging the prior convictions, and the admission was received and entered of record. As a part of his opening statement the county attorney read to the jury the information, including the charge of prior convictions. While the defendant was a witness in his own behalf, he was asked by the county attorney on cross-examination whether he had been convicted previously as charged in the information, and whether he had not been punished by imprisonment in the penitentiary for the crime of carrying concealed weapons. Over his objection he was required to answer, and he answered each question in the affirmative. The court instructed the jury that if they found the defendant guilty of burglary, they should then consider the matter of the former convictions, and gave to the jury the provisions of the statute which fix the punishment for burglary in the first degree, burglary in the second degree, and burglary aggravated by prior convictions of felonies.

It is the contention of the defendant that the statute (sec. 12023, Rev. Codes 1921) granted to him the privilege of admitting the truth of the allegations charging the prior convictions, and, since he made the admission in this instance, the court committed prejudicial error in permitting any knowledge of the prior convictions to go to the jury and in permitting the jury to consider the matter for any purpose. In support of this contention, decided cases from California and a case from Wisconsin are cited; but a reference to the statutes of California and Wisconsin under which the cases were decided makes clear the reason for the decisions, and a comparison of those statutes with the statutes of this state demonstrates that the cases cited do not sustain the contention made here.

The Penal Code of California (1872) as amended by an Act approved March 30, 1874, so far as it related to the prosecution of habitual criminals, was complete and was harmonious throughout. Section 969 prescribed the form of pleading where a prior conviction was charged. Section 1025 provided that upon arraignment, when the defendant entered his plea of guilty or not guilty of the offense for which he was indicted, he should be asked whether he had suffered the previous conviction pleaded, and his answer should be entered in the minutes. That section provided further: "In case the defendant pleads 'not guilty' and answers that he has suffered the previous conviction, the charge of previous conviction shall not be read to the jury nor alluded to on the trial." Section 1158 provided: "Whenever the fact of a previous conviction of another offense is charged in an indictment or information, the jury, if they find a verdict of guilty of the offense with which he is charged, must also, unless the answer of the defendant admits the charge, find whether or not he has suffered such previous conviction."

From these provisions it is made perfectly apparent that it was the intention of the legislature of California that whenever an accused person answered that he had been convicted previously as charged, the charge of prior conviction and all matters relating to it should be kept from the knowledge of the jury absolutely. It is also apparent that the "answer" of the defendant, mentioned in section 1158, was the answer made by him at the time of his arraignment, when he was asked whether he had suffered the prior conviction pleaded. (*People* v. *Brooks*, 65 Cal. 295, 4 Pac. 7; *Ex parte Young Ah Gow*, 73 Cal. 438; 15 Pac. 76.)

By an Act approved April 9, 1880, sections 969 and 1025, above, were repealed—to the great confusion of the courts. In *People* v. *Brooks*, above, the court said: "Why sections 969 and 1025 should be repealed, leaving section 1158 unrepealed, we cannot conceive. It has produced great embarrassment in

the administration of criminal justice, and has been of benefit to no one.''

In *People* v. *McNeill,* 118 Cal. 388, 50 Pac. 538, the court referred to the effect of the repeal as follows: ''Section 1158 provides that when a previous conviction is charged in an indictment or information the jury must find a special verdict as to such charge, 'unless the answer of the defendant admits the charge.' This, of course, leaves the matter very indefinite, as there is no such word as 'answer' used in any other part of the criminal procedure to designate either a plea or any other matter.'' Section 1093 provides that, ''where a previous conviction is charged and the defendant 'has confessed' the same, the clerk, in reading the information, must omit therefrom all that relates to such previous conviction. But there is no provision as to how the confession shall be made to appear, or in what way the 'answer' mentioned in section 1158 shall be shown.''

However, notwithstanding the uncertainty in the law after the repeal of sections 969 and 1025, the California court held that the ''answer'' mentioned in section 1158 was equivalent to an admission or confession of the charge of prior conviction which might be received, in the sound discretion of the trial court.

In *People* v. *Lewis,* 64 Cal. 401, 1 Pac. 490, the defendant on arraignment pleaded not guilty. At the trial he asked to be permitted to confess the charge of prior conviction, but the trial court refused the request and submitted the matter to the jury. On appeal these rulings were approved, and it was held that the request was addressed to the sound discretion of the court.

In *People* v. *King,* 64 Cal. 338, 30 Pac. 1028, it was held to be error for the trial court to ask the defendant whether he had suffered the prior conviction charged and that the state must prove the charge even though the defendant had admitted it.

In *People* v. *Boyle,* 64 Cal. 153, 28 Pac. 232, the court expressed a doubt whether after the repeal of section 969, it were possible to plead a prior conviction.

In *People* v. *Brooks*, above, the court held that a defendant could not be asked whether he had suffered the prior conviction charged, but that he might voluntarily admit such charge.

However, in *People* v. *Wheatley*, 88 Cal. 114, 26 Pac. 95, it was held that after arraignment and after the defendant had pleaded not guilty, the trial court in its discretion might permit him to confess the charge of prior conviction and thereby keep from the jury any knowledge of the charge, and this was reiterated in *People* v. *McNeill*, above, and in *People* v. *Johnson*, 88 Cal. 174, 25 Pac. 1116.

Finally, in *People* v. *King*, 4 Cal. App. 213, 87 Pac. 400, it was held that the trial court did not commit reversible error in compelling the defendant at his trial, to answer whether he had suffered the previous conviction charged.

During the period after sections 969 and 1025 were repealed, and before they were re-enacted in 1905, the California court held repeatedly that it was reversible error for a trial court to permit that portion of the information which charged a previous conviction to be read to the jury, or to admit evidence of such previous conviction, or to submit the matter of the previous conviction to the jury in any case where the defendant confessed the charge. (*People* v. *Meyer*, 73 Cal. 548, 15 Pac. 95; *People* v. *Sansome*, 84 Cal. 449, 24 Pac. 143; *People* v. *Thomas*, 110 Cal. 41, 42 Pac. 456.). But the reason for those decisions is apparent. Notwithstanding the repeal of sections 969 and 1025, there still remained in full force section 1093 of the California Penal Code, which provided: "Order of Trial.— The jury having been impaneled and sworn, the trial must proceed in the following order, unless otherwise directed by the court: If the indictment or information be for a felony, the clerk must read it and state the plea of the defendant to the jury, and in cases where it charges a previous conviction and the defendant has confessed the same, the clerk in reading it shall omit all that relates to such previous conviction." After quoting the language of this section, the court, in *People* v. *Sansome*, above, said: "The evident purpose of the provision of the Code, above quoted, was to keep from the jurors all knowl-

edge that the person on trial before them had been previously convicted of a criminal offense''; and that language was. repeated in *People* v. *Wheatley,* above.

In view of the specific provisions of section 1093, we do not question the correctness of the conclusion reached in the *Meyer, Sansome and Thomas Cases,* and emphasis is added to the correctness of the conclusion by the fact that in California the jury was not authorized to fix the punishment in any of those cases. This of itself would be sufficient reason for withholding from the jury all knowledge of the prior conviction when the defendant had admitted it, and this rule prevails in Wisconsin and justifies the decision in *Howard* v. *State,* 139 Wis. 529, 121 N. W. 133.

But an entirely different situation confronts the defendant in this case. We do not have any statute similar to sections 969, 1025, or 1093 of the California Penal Code, and the reason which underlies the decisions in the cases cited is absent here.

As distinguished from the provisions of section 1093, California Penal Code, our Code (sec. 11969, Rev. Codes 1921) provides: ''Order of Trial.—The county attorney must state *the case* and offer evidence in support of the prosecution.'' The meaning of this language cannot be in doubt: ''The case'' must refer to the case made by the pleadings. In other words, it is the privilege of the county attorney to read or state to the jury the charge made against the accused, to state his plea thereto and to outline the evidence which the state expects to produce. The information before us charges but one offense, and the allegations pleading the previous convictions constitute a part of that charge, at least to the extent of aggravating it and increasing the penalty. (*State* v. *Gordon,* 35 Mont. 458, 90 Pac. 173.) In 8 R. C. L. 276, it is said: ''Where a second conviction changes the grade of an offense or authorizes a higher penalty than could otherwise be imposed, the former conviction enters as an element into the new offense and must be alleged and proved as a necessary part of the description and character of the crime intended to be punished,'' and numerous decided cases are cited to· support the text. To

state the case made by the pleadings in this instance involved a statement of the charge contained in the information, including the charge of prior convictions, and the plea thereto made by the defendant.

But there is a stronger reason for upholding the rulings of the trial court. Under the provisions of section 12027, Revised Codes of 1921, the jury in this case was authorized to fix the punishment within the limits prescribed by law, and, if the privilege were exercised, then section 12075 required the jury to designate in the verdict a minimum and a maximum punishment. In order to fix the punishment for the aggravated offense, it was indispensable that the jury know: (a) That prior convictions were charged and the nature of the offenses referred to in the charge; (b) that the charge was established by evidence or the admission of the defendant; and (c) what punishment was prescribed by law for the aggravated offense. To withhold from the jury all information concerning the charge of prior convictions would deny to the jury the right to fix the punishment and would, in effect, annul the provisions of section 12027, above.

But it is urged by counsel for defendant, that, in order to fix the punishment in this instance, it was necessary only that the court declare in the instructions that the minimum penalty could not be less than ten years' imprisonment in the penitentiary, and the maximum could not be less than twenty years; but the question suggests itself: How would the jury know that they were fixing the penalty for an aggravated offense, or the extent to which the defendant was shown to be an habitual criminal? Counsel answers that it was not necessary for the jury to know either of these facts, and this is predicated upon the assumption that our statutes do not provide for any greater punishment for one who has been previously convicted twice or more, than for one who has been convicted previously but once. While it is true that our statutes do not in express terms fix one punishment for a second offender, and more severe punishment on account of each successive offense after the second, they allow a wide latitude in fixing the punishment. In

this case the minimum could not be less than ten years' imprisonment in the penitentiary (sec. 11593, Rev. Codes 1921), and the maximum could not be less than twice the minimum (sec. 12075), but the jury was not compelled to fix the minimum at ten years, and the reason for allowing so great latitude is that the punishment may be adjusted to fit the crime. With the knowledge that this defendant had been three times previously convicted—once of unlawfully carrying concealed weapons within the limits of a city or town, and twice for grand larceny—the jury with perfect propriety might have fixed the minimum at not less than twenty years, and the maximum at not less than forty years; whereas, if he had been convicted previously only once for an offense no more serious than grand larceny, with equal propriety they might have fixed the minimum at not less than ten years and the maximum at not less than twenty years. In other words, the defendant's past record, and the fact that he had been three times previously convicted of a felony, were circumstances proper to be considered in fixing the punishment for the aggravated offense (16 C. J. 1363), and in order intelligently to exercise the right to fix the punishment to fit the crime, it was necessary that the relevant facts concerning the charge of prior convictions be before the jury.

It is true that our section 12023, Revised Codes of 1921 is identical with section 1158 of the California Penal Code, but a reference to the California cases cited above discloses that the provisions of section 1158 were not relied upon to justify the conclusion that it was error to permit the jury to have any information of the prior conviction where the defendant had admitted the charge, but that the conclusion was based solely upon the interpretation placed upon section 1093 and the fact that in California the jury is not authorized to fix the punishment. (*People* v. *Johnson,* above.) As observed above, after the repeal of section 1025, above, the California court treated the "answer" referred to in section 1158 as the equivalent of admission or confession, and we have given the same meaning to the term as it appears in our section 12023.

[76 Mont. 526.]

We agree with the contention that after defendant had ad-
**[2]** mitted the charge of prior convictions, it was not necessary
for the jury to find whether the charge was true (sec. 12023,
Rev. Codes 1921; *State* v. *Brooks,* above), but defendant cannot
complain because the jury found as a fact that which he him-
self had admitted to be the fact. The court might have told
the jury in good, set terms that the defendant had admitted
the charge of prior convictions and that the minimum punish-
ment to be imposed could not be less than ten years' imprison-
ment in the penitentiary, and the maximum could not be less
than double the minimum.

Defendant cannot complain that the court instructed the
**[3]** jury as to the penalty for burglary in the first degree
and burglary in the second degree, for he did not object to the
instruction on that ground at the time the instructions were
settled. (Sec. 11969, above; *State* v. *Stone,* 40 Mont. 88, 105
Pac. 89; *State* v. *Sawyer,* 71 Mont. 269, 229 Pac. 734.)

There is still an additional reason for holding that the trial
court did not err in permitting the county attorney to ask the
defendant on cross-examination whether he had suffered the
**[4]** prior convictions charged. The defendant, having be-
come a witness in his own behalf, was subject to the same rules
of cross-examination and impeachment as any other witness.
(*State* v. *Schnepel,* 23 Mont. 523, 59 Pac. 927; *State* v. *Crowe,*
39 Mont. 174, 18 Ann. Cas. 643, 102 Pac. 579.) Section 11977,
Revised Codes of 1921, declares: "The rules of evidence in civil
actions are applicable also to criminal actions, except as other-
wise provided in this Code." The Code does not make any
exception to the rule which governs the impeachment of a wit-
ness in a civil action. That rule is declared in section 10668,
Revised Codes, as follows: "A witness may be impeached by
the party against whom he was called, by contradictory evi-
dence, or by evidence that his general reputation for truth,
honesty, or integrity is bad, but not by evidence of particular
wrongful acts, except that it may be shown by the examination
of the witness, or the record of the judgment, that he has been
convicted of a felony."

For the purpose of impeachment, the question asked by the county attorney was proper.

The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN, STARK and MATTHEWS concur.