STATE, RESPONDENT, *v.* THIENES, APPELLANT.

(No. 5,919.)

(Submitted September 13, 1926. Decided September 18, 1926.)

[249 Pac. 1114.]

*Criminal Law—Prior Conviction—Admission in Plea of Defendant—Effect on Course of Trial—Continuance for Term by Consent of Counsel—Former Jeopardy—Defense not Available.*

Criminal Law—Prior Conviction—Admission by Defendant—Court not Required to Keep Admission from Jury.
1. Under *State* v. *O'Neill*, 76 Mont. 526, *held* that where defendant charged with crime in his plea admits the charge of prior conviction, the court is not required during the trial to keep all knowledge of such conviction from the jury.
Same—Continuance for Term After Commencement of Trial With Consent of Defendant's Counsel—Once in Jeopardy—Defense not Available.
2. Counsel for defendant in a criminal case has authority to stipulate for a continuance of the cause for the term; hence where the jury upon defendant's first trial was discharged on account of serious illness in the family of a juror with counsel's consent, the plea of former jeopardy, interposed at the second trial, was not available to him.

---

[1]    Criminal Law, 16 C. J., sec. 3164, p. 1345, n. 37.
[2]    Attorney and Client, 6 C. J., sec. 156, p. 648, n. 73. Criminal Law, 16 C. J., sec. 397, p. 252, n. 96.

*Appeal from District Court, Valley County, in the Seventeenth Judicial District; Charles W. Pomeroy, Judge of the Eleventh District, presiding.*

---

1.    See 8 R. C. L. 276.
2.    See 8 R. C. L. 155.

GEORGE THIENES, convicted of the unlawful possession of intoxicating liquor, appeals from the judgment. Affirmed.

Cause submitted on briefs of counsel.

*Mr. James T. Shea* and *Mr. Victor Griggs,* for Appellant.

Even though the defendant admitted the prior conviction in his plea, it was still incumbent upon the state to prove the allegation of a prior conviction, and that the truth or falsity of that charge was one for the jury to determine. (*People* v. *Sickles,* 156 N. Y. 541, 51 N. E. 288, note, Ann. Cas. 1912A, 1000.)

When the defendant admits the charge of prior conviction, the only purpose thereafter, in keeping this charge before the jury, is to prejudice the defendant and such is the result of so doing. (16 C. J. 1344, sec. 3164; *People* v. *Meyer,* 73 Cal. 548, 15 Pac. 95; *People* v. *Thomas,* 110 Cal. 41, 42 Pac. 456; *Howard* v. *State,* 139 Wis. 529, 121 N. W. 133.)

While a defendant himself may personally consent to a discharge of the jury on account of sickness in the family of a juror, his right not to be placed in jeopardy a second time for the same offense is a constitutional one, which cannot be waived by his attorney, and the consent of the attorney in this case is not binding upon the defendant. (*Hipple* v. *State,* 80 Tex. Cr. 531, L. R. A. 1917D, 1141, 191 S. W. 1150; *State* v. *Richardson,* 47 S. C. 166, 35 L. R. A. 238, 25 S. E. 220.)

*Mr. L. A. Foot,* Attorney General, and *Mr. A. H. Angstman,* Assistant Attorney General, for the State.

The right of the state to introduce evidence on the subject of prior conviction, and the right of the prosecuting attorney to refer to it when it has been admitted by the defendant, is confirmed by the decisions in the recent cases of *State* v. *O'Neill,* 76 Mont. 526, 248 Pac. 215, and *State* v. *Morse,* 76 Mont. 526, 248 Pac. 215, 219.

[77 Mont. 54.]

The general rule is well settled that the court may discharge the jury, in its discretion, for serious illness of a juror or a member of his family without affecting the right to subsequently try the defendant. (16 C. J. 252; *Rittenberry* v. *State,* 30 Ga. App. 289, 117 S. E. 765; *State* v. *Kappen,* 191 Iowa, 19, 180 N. W. 307; *Commonwealth* v. *Davis,* 266 Pa. 245, 110 Atl. 85.) And it may so discharge the jury without the consent of the defendant. (*Torres* v. *State,* 91 Tex. Cr. 386, 238 S. W. 928.) In this case, however, the defendant, by his counsel, consented to a continuance of the case.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

The two main questions sought to be presented by this appeal have been resolved against the appellant in two recent cases, that respecting the charge of former conviction and [1] the function of the jury with respect thereto, in *State* v. *O'Neill,* 76 Mont. 526, 248 Pac. 215, and that as to the authority of counsel, in *State* v. *Turlok,* 76 Mont. 549, 248 Pac. 169.

It is true that in the *Turlok Case* counsel but consented to [2] a continuance of the case over the term. The plea of former jeopardy in the instant case is based upon the fact that upon the first trial of the defendant the jury was discharged on account of the necessary absence of a juror because of serious illness in his family. The record shows that defendant's counsel stipulated in open court in the presence of the defendant that the jury might be discharged and the cause continued until the next succeeding jury term of court. In view of what was said in the *Turlock Case* there cannot be any question as to counsel's authority to take the action he did.

Other assignments of error have been examined and found to be without merit. The judgment is affirmed.

*Affirmed.*

ASSOCIATE JUSTICES STARK and MATTHEWS and HONORABLE THEODORE LENTZ, District Judge, sitting in place of MR. JUSTICE HOLLOWAY, disqualified, concur.

MR. JUSTICE GALEN, being absent, did not hear the argument and takes no part in the foregoing decision.