88 114
88 141
88 114
110 44
88 114
116 687

[No. 20706. Department Two. — February 25, 1891.]

## THE PEOPLE, RESPONDENT, *v.* HARRY WHEATLEY, APPELLANT.

CRIMINAL LAW — TRANSFER OF CAUSE — DEPARTMENTS OF SUPERIOR COURT — PRESUMPTION UPON APPEAL. — It will be presumed upon appeal, when nothing appears in the record to the contrary, that a transfer of a criminal cause from one department of the superior court to another was properly made by the presiding judge without objection from the defendant.

ID. — PLEA OF NOT GUILTY — PREVIOUS CONVICTIONS — CONFESSIONS. — A defendant charged with a particular offense and previous convictions of other offenses may plead simply not guilty, and put in issue every material allegation of the indictment or information, or he may plead not guilty of the principal offense charged, and confess the previous convictions.

ID. — CONFESSION OF PREVIOUS CONVICTIONS — READING INDICTMENT — EVIDENCE. — Where a defendant charged with a particular offense and previous convictions confesses the previous convictions, the clerk, in reading the indictment or information to the jury, must omit therefrom all that relates to such previous convictions, and no testimony in regard to them can be offered or reference to them be made during the trial.

ID. — WITHDRAWAL OF PLEA AS TO PRIOR CONVICTIONS — DISCRETION OF COURT — VOLUNTARY CONFESSION. — A defendant who has pleaded not guilty to an information charging an offense and previous convictions may afterwards be permitted, in the discretion of the court, to withdraw his plea as to the charge of previous convictions, and enter a plea of guilty thereof; and if he voluntarily enters a plea of guilty after having pleaded not guilty, it cannot be objected that the plea of not guilty was not formally withdrawn.

ID. — ORAL CHARGE — PHONOGRAPHIC REPORTER — PRESUMPTION AS TO OFFICIAL DUTY — APPEAL. — Where the oral charge of the court is printed in full in the record on appeal, it will be presumed that the phonographic reporter performed his duty, and took down the charge in shorthand, although the record does not affirmatively so state.

ID. — NEW TRIAL — SEPARATION OF JURORS. — The fact that one of the jurors left the other jurors, and went into a water-closet adjacent to the court-room accompanied by the bailiff, where he remained but a few minutes, is not ground for a new trial, if it appears that he conversed with no one while absent, and heard nothing about the case, and that the case was not discussed or balloted upon while he was absent, and that on his return he participated in all the deliberations of the jury and in finding the verdict.

ID. — JURAT TO AFFIDAVITS — AUTHENTICATION BY DEPUTY CLERK. — It is not necessary for a deputy clerk, before whom affidavits are sworn to, to sign his principal's name to the jurat.

ID. — CONVICTION OF BURGLARY AND PRIOR CONVICTION — JUDGMENT — RE-
CITALS. — A judgment of conviction of burglary and of prior conviction is
sufficient, under sections 1200 and 1207 of the Penal Code, if it recites
·that when the defendant was called for sentence he was duly informed
by the court of the information charging him with the crime of burglary
and prior conviction of burglary in the first degree; of his arraignment
and plea of not guilty as charged in the information, and guilty of the
prior conviction; of his trial and the verdict of the jury of guilty of bur-
glary; and that he was then asked if he had any legal cause why judg-
ment should not be pronounced against him

ID. — FORM OF JUDGMENT. — A judgment is not insufficient in form because
it orders and adjudges that the defendant be "punished by imprison-
ment in the state prison," etc.

ID. — READING OF INFORMATION — PRESUMPTION UPON APPEAL. — Where there
is nothing in the record to show that the information was not read by
the clerk to the jury, it will be presumed that it was so read.

ID. — INSTRUCTIONS AS TO BURGLARY — OWNERSHIP OF BUILDING. — An in-
struction that the jury must be satisfied of two things, in order to war-
rant them in convicting the defendant, viz., entry into the building, and
intent to commit larceny, is not misleading because it omits any refer-
ence to the question of the ownership of the building as alleged, if the
court afterwards fully instructs them that they must find the ownership
to be as set forth in the information.

APPEAL from a judgment of the Superior Court of the
city and county of San Francisco, and from an order
denying a new trial.

The facts are stated in the opinion.

*Carroll Cook*, and *J. E. Foulds*, for Appellant.

*Attorney-General Johnson*, for Respondent.

BELCHER, C.—The defendant was charged with the
crime of burglary, and with having suffered prior con-
victions of burglary and petit larceny. The information
was filed in the superior court of the city and county of
San Francisco on September 19, 1889, and on the same
day the presiding judge of the court assigned the case
for trial to Hon. W. T. Wallace, judge of department No.
6. The defendant was arraigned in department No. 6
on September 27th, and "pleaded not guilty of the crime
charged in the information." The record then shows
the following:—

" [Title of court and cause.]

"October 3, 1889. Cause transferred to department No. 12."

"[Title of court and cause.]

"Department No. 12. October 9, 1889. Present, Hon. D. J. Murphy, judge.

"The defendant, having heretofore been arraigned and pleaded not guilty, came into court, and having been called upon and arraigned upon the prior convictions herein, now pleads guilty thereto."

Subsequently, as the record states, the cause came on regularly for trial in department No. 12, the defendant and his counsel being present in court, and at the conclusion of the trial a verdict was returned by the jury, finding the defendant guilty of burglary in the second degree. He moved for a new trial, and his motion was denied. Judgment was then entered that he be punished by imprisonment in the state prison for the term of eight years. From this judgment, and the order denying him a new trial, he appeals.

1. The first point made for a reversal of the judgment is, that the case was not properly tried in department No. 12. It is claimed that inasmuch as the minutes of the court show that the cause was assigned to Judge Wallace for trial, Judge Murphy had no authority to try it, in the absence of a showing in the record of a reassignment by the presiding judge, and of consent on the part of Judges Wallace and Murphy that it be reassigned. But the minutes of the court do state that the cause was transferred to department No. 12, and they do not state that any objection was made by the defendant to the transfer or the place of trial. Under these circumstances it must be presumed, nothing appearing to the contrary, that the transfer was properly made by the presiding judge.

2. It is contended that when the defendant was arraigned in department No. 6, and pleaded not guilty,

his plea put in issue the prior convictions, and that having once pleaded, no other plea could be made or have place in the record until the first plea was withdrawn or set aside. And it is said that the first plea was not withdrawn, and hence, as there was no verdict as to the prior convictions, the punishment imposed was greater than the law authorized.

There can be no doubt at this time that one may be charged in an indictment or information with some particular offense and with having suffered previous convictions of other offenses, and may be arraigned thereon, under section 988 of the Penal Code. He may plead simply not guilty, and thus put in issue every material allegation of the indictment or information (Pen. Code, sec. 1019); or he may plead not guilty of the principal offense charged, and confess the previous convictions. (*People* v. *Lewis*, 64 Cal. 401; *People* v. *Brooks*, 65 Cal. 295; *Ex parte Young Ah Gow*, 73 Cal. 438.) If he confesses the previous convictions, then the clerk, in reading the indictment or information to the jury, must omit therefrom all that relates to such previous convictions, and no testimony in regard to them can be offered or reference to them be made during the trial. (Pen. Code, sec. 1093, subd. 1; *People* v. *Meyer*, 73 Cal. 548; *People* v. *Sansome*, 84 Cal. 449.)

And there can also be no question that when one is charged with a prior conviction, and has pleaded simply not guilty, he may be permitted afterwards, in the discretion of the court, to withdraw his plea as to that charge, and enter a plea of guilty thereof. In *People* v. *Lewis*, 64 Cal. 401, the defendant was indicted for grand larceny and charged with a previous conviction of a like offense. He was arraigned, and pleaded not guilty of the offense charged. On the trial, he offered to plead guilty to the charge of previous conviction, and the court denied the offer. Speaking of this ruling, this court, by Mr. Justice Thornton, said: "Having then

regularly pleaded, the court was not bound afterwards on the trial to accept the plea of guilty of the previous conviction. It may be in its discretion to do so or not —not a discretion, however, to be arbitrarily exercised, but one in accordance with law and its analogies. If the court abused its discretion in so ruling, a reversal would follow, but we cannot see that it went beyond what the law permitted."

Here the record shows that the defendant, after pleading not guilty, came again into court, and pleaded guilty of the prior convictions. He had a right to do this, with the court's consent, and his action, so far as we can see, was voluntary; the object doubtless being to keep from the jury on the trial all knowledge of the prior convictions, and thus secure a better chance for an acquittal of the main charge.

The case of *People* v. *King*, 64 Cal. 338, cited by appellant, cannot aid him. That case was decided upon the theory that, since the repeal of sections 969 and 1025 of the Penal Code, when a person is charged with a criminal offense and a previous conviction, his admission of the previous conviction is not sufficient, but he must plead to both charges, and both must be proved on the trial and passed upon by the jury. That theory has not since been accepted by the court, and in effect the case has been overruled. (See cases above cited.)

3. It is said that the record shows affirmatively that the court charged the jury orally, and fails to show that the charge was taken down by the phonographic reporter. This is assigned as error, and urged as cause for a reversal of the judgment. But the presumption is, that the reporter performed his duty, and took down the charge in shorthand, and that he must have done so very clearly appears from the fact that the full charge is brought here in the transcript, covering ten printed pages.

4. It is claimed that defendant's motion for new trial

should have been granted, because the jury, after retiring to deliberate upon their verdict, separated without leave of the court. It appears from the affidavits read on the hearing of the motion for new trial that when the jury left the jury-box and started for the jury-room, eleven of them went into the room, and one went into a water-closet adjacent to the court-room, accompanied by the bailiff. He was gone about five minutes, and while absent from the other jurors held no conversation with any person, and nothing was said about the case in his hearing. During his absence no discussion upon the case was had among the other jurors, and no ballot was taken. On his return he participated in all the deliberations of the jury and in finding the verdict. Upon this showing we see no error in the refusal of the court to grant the defendant's motion. (*People* v. *Symonds*, 22 Cal. 349.) But it is urged that the court could not consider the counter-affidavits read and filed on behalf of the people, because the deputy clerk before whom they were sworn to did not sign his principal's name to the jurat. It was not necessary for him to do this. (*Touchard* v. *Crow*, 20 Cal. 150; 81 Am. Dec. 108; *Muller* v. *Boggs*, 25 Cal. 175.)

5. It is contended that the court had no right to pronounce judgment of imprisonment for eight years, because "there is not a word said in the judgment about any prior convictions, nor does the verdict say aught concerning the same." But the judgment recites that when the defendant was called up to be sentenced he was duly informed by the court of the information charging him "with the crime of burglary and prior conviction of burglary in the first degree; of his arraignment and plea of not guilty as charged in said information, and guilty of said prior conviction; of his trial and the verdict of the jury, on the seventeenth day of October, 1889, guilty of burglary in the second degree. The defendant was then asked if he had any legal cause

to show why judgment should not be pronounced against him." This was sufficient to meet the requirements of sections 1200 and 1207 of the Penal Code; and imprisonment for the term of eight years was authorized. (Pen. Code, secs. 461, 666.) It is also objected that the judgment is insufficient in form, because it orders and adjudges that the defendant be *punished by imprisonment* in the state prison, etc. In our opinion, the judgment was sufficient in this regard, and the objection is without merit.

6. The point is made that it was error to proceed with the trial without the reading of the information by the clerk. But there is nothing in the record to show that the information was not read by the clerk to the jury, and we must therefore presume that it was.

7. It is earnestly contended that a new trial should have been granted the defendant, on the ground that the verdict was contrary to law and to the evidence. It must be admitted that the evidence, as brought up in the record, does not seem to us to be very strong and convincing; and yet the jury, under proper instructions, which were very full and clear upon every point involved, found the defendant guilty. And the learned judge of the court, who saw the witnesses, and heard them testify, denied defendant's motion. Under the circumstances we do not feel at liberty to say that the evidence was so insufficient as to justify a reversal on this ground.

8. In one part of its charge the court told the jury that, under the allegations of the information, and under the proofs in the case, they must be satisfied of two things, in order to warrant them in convicting the defendant; viz., entry into the building, and intent to commit larceny. It is claimed that another fact, viz., the ownership of the building as alleged, was equally necessary, and that the instruction as given was therefore misleading. But the court afterwards fully instructed

the jury on this point, telling them that, of course, they must find the ownership of the building to be as set forth in the information. This was certainly sufficient, and it takes away appellant's last ground of complaint.

It results that the judgment and order appealed from should be affirmed, and we so advise.

FOOTE, C., and VANCLIEF, C., concurred.

The COURT.— For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

Hearing in Bank denied.