STATE, APPELLANT, *v.* CARROLL ET AL., RESPONDENTS.

[Submitted July 17, 1893.  Decided July 31, 1893.]

CRIMINAL LAW—*Burglary—Intent.*—On trial for burglary, where an entry with intent to steal an overcoat is charged against two defendants, an instruction that the state must prove that each defendant had the intent to steal the specific coat when entering the store, that if one defendant had such intent and the other did not, the one not having such intent at the time of entering should be acquitted, is proper. (*Territory* v. *Duncan,* 5 Mont. 478; *Territory* v. *Willard,* 8 Mont. 328, cited.)

*Appeal from Seventh Judicial District, Custer County.*

Burglary. The defendants were tried before MILBURN, J. Affirmed.

Statement of the case by the justice delivering the opinion : This is an appeal by the state. The defendants were acquitted. The state excepted to an instruction given by the court, and, reserving the question of law, now prosecutes this appeal. (Criminal Practice Act, § 396.) The information was for burglary. The charging part of the information is as follows: "That the said John Carroll and Edward Evans did then and there the store building of Isaac Orschel and Herman Orschel, feloniously break and enter, with the intent the goods and chattels of said Isaac Orschel and Herman Orschel, in the said store building then being found and more particularly

described as one overcoat, of the value of thirty dollars, feloniously and burglariously to steal, take, and carry away."

The court, upon the trial, among other instructions, charged the jury as follows: "The court instructs you that the state must prove that the defendants, and each of them, had the intent to steal the specific coat when entering the store. . . . . If one defendant had such intent, and the other did not, when entering said store, the one not having such intent at the time of entering should be acquitted."

It is this instruction which the state assigns as error.

*Ella L. Knowles, O. H. Loud*, and *Henri J. Haskell*, Attorney General, for the state, Appellant.

*Middleton & Light*, for Respondents.

DE WITT, J.—The counsel for the state filed an elaborate brief, supported by authorities, to the effect that in proving the burglary it is not necessary to prove the actual commission of the offense, such as larceny or robbery, etc., which the defendant intended to commit, when he made the entering or breaking of the building, but that it is only necessary to prove the defendant's intent to commit one of the crimes named in the statute when he made the entry.

But that is not the point in this case. To constitute burglary there must be the entry with the intent to commit grand or petit larceny, or any felony. (Criminal Practice Act, § 73.) The entering, and such intent, are two elements going to constitute the offense of burglary. (*Territory* v. *Duncan*, 5 Mont. 478; *Territory* v. *Willard*, 8 Mont. 328.)

This case is determinable by observing what intent was charged in the information. It is found that the intent there charged was to commit the petit larceny of a certain overcoat. No other intent is charged. The information does not allege the intent to commit the larceny of any other goods whatever than this particular overcoat, nor does it charge the intent to commit any felony. If the intent to steal the overcoat were absent, then no intent to commit grand or petit larceny, or any felony, is charged by the indictment. The court was, therefore, wholly correct in charging that, under this indictment,

alleging, as it did, no intent whatever, except to commit the larceny of the overcoat, that such particular intent must be proved in order to convict the defendants. The judgment is therefore affirmed.

*Affirmed*

PEMBERTON, C. J., and HARWOOD, J., concur.