[Crim. No. 262.   Department Two.—September 25, 1897.]

## THE PEOPLE, Respondent, v. CHARLES McNEILL, Appellant.

CRIMINAL LAW—ASSAULT WITH INTENT TO KILL—PRIOR CONVICTION—DENIAL AND SUBSEQUENT CONFESSION—VERDICT—SENTENCE—RECITAL IN JUDGMENT —APPEAL.—Where a defendant charged with an assault with intent to kill, and also with having suffered a prior conviction of another felony, when arraigned, pleaded not guilty of the offense charged, and denied the prior conviction, and the verdict passed only on the plea of not guilty, but the sentence was too great, unless based on the prior conviction, and the judgment recited that defendant subsequently, on a specified day, confessed the prior conviction, the truth of which recital was not controverted, the verity of the recital must be accepted; and where it appears that the case was conducted on the theory that the prior conviction had been confessed, and no reference

was made to the prior conviction, either in the reading of the information or in the charge of the court, there is no defect in the judgment-roll of which defendant can take advantage upon appeal, and no error appears upon its face.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   William T. Wallace, Judge.

The facts are stated in the opinion of the court.

William Hoff Cook, for Appellant.

W. F. Fitzgerald, Attorney General, and Henry E. Carter, Deputy Attorney General, for Respondent.

McFARLAND, J.—This is an appeal by defendant upon the judgment-roll alone. He was charged in the indictment with the crime of an assault with intent to kill. He was also charged with having suffered a prior conviction of another felony. Where defendant is charged with a prior conviction, embarrassment in the proceeding usually follows, where, as is usually the case, little care is exercised by the prosecuting officers to closely follow the statute.

When defendant was arraigned, the plea which he there entered, as appears by the record, was in the following form: "Not guilty to the information, and denies prior conviction." The verdict was as follows: "We, the jury, find the defendant guilty of an assault with a deadly weapon, and so say we all." The judgment was that the appellant be punished by imprisonment in the state prison for the term of five years. As the maximum punishment for the crime of an assault with a deadly weapon is two years' imprisonment (Pen. Code, sec. 245), of course, the judgment was excessive, unless the court in pronouncing the judgment had the right to consider the previous conviction under section 666 of the Penal Code. Appellant contends that this judgment was erroneous because the jury did not find the appellant guilty of previous conviction, as provided by section 1158 of the Penal Code; but the judgment recites that the defendant was informed of the information against him, and of his plea as hereinbefore stated, and also that the defendant "subsequently, on the eighteenth day of September, 1896, confesses the prior conviction"; and there is nothing in the record which contradicts

or is not consistent with this statement in the judgment, and section 1200 of the Penal Code provides that, when the defendant appears for judgment, he must be informed of the nature of the charge, of his plea, of the verdict, etc. The provisions of the Penal Code with respect to the procedure, where a defendant is also charged with a previous conviction, are very loose, and were evidently drafted by one unfamiliar with criminal practice, and with the technical language usually employed to designate pleadings, etc., in such procedure. Section 1158 provides that when a previous conviction is charged in an indictment or information the jury must find a special verdict as to such charge, "unless the answer of the defendant admits the charge." This, of course, leaves the matter very indefinite, as there is no such word as "answer" used in any other part of the criminal procedure to designate either a plea or any other matter. Section 1093 provides that, where a previous conviction is charged, and the defendant "has confessed" the same, the clerk, in reading the information, must omit therefrom all that relates to such previous conviction. But there is no provision as to how the confession shall be made to appear, or in what way the "answer" mentioned in section 1158 shall be shown. No doubt it would be better for the record to show that the defendant formally made a confession in the form of a plea entered upon the minutes contemporaneously with the making of the confession; but it cannot be said that the code requires such procedure, and as the judgment states the fact that he did confess on a certain day, and as that fact is in no way contradicted by the record, and as there is no attempt to show that the statement is not true, its verity must be accepted. Indeed, the proceedings in the case, so far as they appear, show that the case was conducted upon the theory that there had been a confession of a prior conviction; for it appears that at the commencement of the trial only that part of the information which charged the defendant with assault with intent to commit murder was read to the jury, and in the charge of the court, which appears in the record, and which is quite lengthy, there is no reference whatever to the charge of a prior conviction, all of which was evidently in accordance with the right of the appellant under section 1093, to keep from the jury all knowledge of the charge of the prior convic-

tion. There is, therefore, no defect in the judgment-roll of which the appellant can take advantage, and no error appears upon its face.

The judgment appealed from is affirmed.

Henshaw, J., and Temple, J., concurred.

Hearing in Bank denied.

Beatty, C. J., dissented from the order denying a hearing in Bank.