[Crim. No. 17.   Third Appellate District.—August 9, 1906.]

## THE PEOPLE, Respondent, v. JOSEPH KING, Appellant.

CRIMINAL LAW—BURGLARY—PLEA TO FORMER CONVICTION—ERROR IN
ACTION OF COURT NOT SHOWN.—Where the only objection of the
defendant to being called on by the court, before trial for burglary,
out of the hearing of the jury panel to plead to a former conviction,
was urged "upon the grounds alleged in the demurrer herein,"
which demurrer is not part of the record upon appeal, there is noth-
ing in the record to show that defendant was compelled over his
protest "to either confess or deny the prior conviction." So far as
appears from the record, he voluntarily pleaded guilty to the prior
conviction when called upon to plead thereto.

ID.—AUTHORITY OF COURT—REPEAL OF CODE PROVISION—ACTION OF
COURT NOT PREJUDICIAL.—Notwithstanding the repeal in 1880 of
section 1025 of the Penal Code, which required the court to ask
a defendant charged with a prior conviction whether or not he has
suffered it, it seems that it was still within the power of the
court before trial, under sections 1093 and 1058 of the Penal Code,
to ascertain whether he wished to plead guilty to such charge, in
order that the prior conviction may be withheld from the jury upon
trial of the main charge; but whether the court is authorized
by statute or not to "call upon" the defendant to plead to the
charge of prior conviction, its action in so doing was not in excess
of jurisdiction, but was, at most, a mere irregularity in procedure,
which plainly worked no prejudice, but was a positive benefit to the
defendant.

ID.—SUFFICIENCY OF EVIDENCE OF BURGLARY.—Where it appeared that
defendant entered a dwelling-house, and there had an opportunity
to steal a trunk belonging to an inmate thereof, and had it in
his possession a few hours later, under circumstances indicating
the theft thereof by him, there was sufficient evidence to justify
the jury in inferring that the house was entered by defendant
with felonious intent.

ID.—INSTRUCTIONS PROPERLY REFUSED.—Rquested instructions covered
by other instructions given, or which there is no evidence to sup-
port, or which would have been charging the jury as to a matter
of fact, were properly refused.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco, and from an order deny-
ing a new trial.   W. P. Lawlor, Judge.

The facts are stated in the opinion of the court.

Joseph King, Appellant, *in pro. per.*

U. S. Webb, Attorney General, for Respondent.

CHIPMAN, P. J.—Information for burglary, alleging also two prior convictions of burglary of the second degree. Defendant was found guilty by the jury and appeals from the judgment of conviction and from the order denying his motion for a new trial.

The transcript contains the following entries:

"October 14th, 1902. Being called upon to plead the defendant pleaded not guilty as charged in the information. . . ."

The cause came on for trial October 27, 1902, and out of the hearing of the jury panel the district attorney withdrew one of the two charges of prior conviction. The minutes of the court then show:

"Being called upon the defendant, out of the hearing of the jury panel, pleaded guilty to the prior conviction of felony, to wit: burglary of the second degree. . . . Thereupon the defendant excepts to the order of the court requiring the said defendant to plead as to said prior conviction, upon the grounds alleged in the demurrer herein." Thereafter a jury was formed and, being complete, "the information herein was read to the jury, no reference being made to the said prior convictions contained in said information when said information was read to the jury, and the plea of the defendant of not guilty as charged in the information was stated to the jury."

It is claimed by defendant that it was prejudicial error for the court after arraignment (Pen. Code, sec. 1003) to call upon defendant to plead to the charge of prior conviction; that the court exceeded its authority, there being no statute authorizing the court to ask the defendant whether or not he had suffered a previous conviction; that the particular offense and the previous conviction constituted one charge, a plea of not guilty to which puts in issue every material allegation therein contained, and that the plea of not guilty, first offered by defendant, was the only one admissible under section 1017

of the Penal Code and that he had a right to rest upon that plea and could be convicted only by a verdict of a jury that tried him.    (Citing cases.)

The record fails to disclose the grounds of defendant's objection to pleading to the second conviction when called upon; indeed the record does not show that he objected; it shows only that he excepted upon the grounds stated in his demurrer to the information but the record does not contain the demurrer. There is nothing in the record sustaining defendant's contention that he was compelled, over his protest, "to either confess or deny the said prior conviction." So far as appears he voluntarily pleaded guilty when called upon. Waiving the apparent failure of defendant to affirmatively show error we do not think the court exceeded its authority, or, if it did, that defendant was in any degree prejudiced thereby.

Defendant's argument is constructed chiefly on the fact that section 1025 of the Penal Code was repealed in 1880 (Stats. 1880, p. 19), and that until re-enacted in 1905 (Stats. 1905, p. 773), there was no law providing that the defendant "must be asked" whether he has "suffered such previous conviction."

The condition of the statute on the subject is shown in *People* v. *McNeil,* 118 Cal. 388, [50 Pac. 538]. It was held in *People* v. *Wheatley,* 88 Cal. 114, [26 Pac. 95], that where the defendant has been charged with a prior conviction, and has pleaded not guilty, he may be permitted afterward, in the discretion of the court, to withdraw his plea as to that charge and enter a plea of guilty thereof, "the object doubtless being to keep from the jury on trial all knowledge of the prior convictions, and thus secure a better chance for an acquittal of the main charge." *People* v. *King,* 64 Cal. 338, [30 Pac. 1028], relied on by defendant, has since been overruled. (*People* v. *Wheatley,* 88 Cal. 114, [26 Pac. 95].) Section 1093, Penal Code, provides that where the defendant has confessed the charge of former conviction, the clerk in reading the information to the jury "shall omit therefrom all that relates to such previous conviction." Section 1158 of the same code provides that if the jury finds a verdict of guilty of the offense charged, the jury "must also, unless the answer of defendant admits the charge, find whether or not he has suf-

fered such previous conviction.'' It seems to us that even after the repeal of section 1025 it was within the power of the court, before the trial, to ascertain whether the defendant adhered to his plea of not guilty to the charge of prior conviction and to give him an opportunity to ''admit the charge'' if willing to do so. If he ''admits'' or ''confesses'' the charge, the sections above referred to give him protection from any resultant prejudice with the jury, for his admission removes that part of the information from the knowledge of the jury. It is inconceivable that he would confess the charge if innocent of it, and by confession, if guilty, he derives a positive advantage before the jury. It was said in *People* v. *McNeil,* 118 Cal. 388, [50 Pac. 538] : ''No doubt it would be better for the record to show that the defendant formally made confession in the form of a plea entered upon the minutes contemporaneously with the making of the confession; but it cannot be said that the code requires such procedure.''

But whether or not the court was authorized by any statute to ''call upon'' the defendant to plead to the charge of prior conviction, in doing so there was the exercise of no power that can be said to be in excess of jurisdiction. At most it was but an irregularity in procedure which plainly not only worked no prejudice but was a positive benefit to defendant. Besides, the defendant could have stood upon his original plea of not guilty or he could have again pleaded not guilty to the prior conviction. The re-enactment of section 1025, while not affecting the present case, makes the question no longer of importance if it ever had a serious aspect.

Upon the facts: There was evidence tending to show that some time between 2 P. M. and 4 P. M. of April 21, 1902, defendant went to a house at No. 132 McAllister street, San Francisco, in which the Woman's Christian Temperance Union had rooms. In going to these rooms he passed through a hall in which was a trunk containing sundry articles and belonging to one Mrs. Sheppard. He inquired at these rooms whether there were any letters for him, though he had never before received any there, and shortly after left the house. The trunk had been in this hall for some time and its owner testified that she took some articles from it on the morning of the 21st of April and left it locked She went out of the house about 9 o'clock

that night and returned about 10 o'clock and then missed the trunk. The same night about 11 o'clock defendant and one Hamilton, a codefendant, took the trunk to their room, at 835B Howard street, entering the house in the rear by a narrow alley, running from Tehama street to the rear of the premises. The trunk was locked but defendant opened it with a cold chisel and distributed some of the contents to inmates of the house, to whom he said the trunk was his. The circumstances of his bringing the trunk to the house and breaking it open; his conduct two nights later when several police officers went to arrest him; his attempt to evade arrest; the hiding of the cold chisel with which he forced the trunk open, and his final arrest in a dark place where he had concealed himself, and other facts tending to show guilty possession of the stolen property, were brought out by the testimony of the police officers and by two women witnesses who occupied part of the Howard street house.

It is strenuously urged that these women were self-confessedly immoral persons and were accomplices, and the rule as to the latter is invoked against their testimony. We find nothing in the record showing that they were accomplices. Their character for truth and veracity was not assailed, and, while their life was not of a character to indicate the possession of much discrimination as to their companionships or moral conduct, the jury must have accepted their testimony and it is not the province of this court to discredit them.

It must be admitted that the evidence of a felonious entry to commit larceny is not strong, and the claim is made that there is an entire absence of evidence pointing in that direction. There is evidence, however, that defendant entered the McAllister street house and had an opportunity to steal the trunk, and had it in his possession a few hours later under circumstances indicating its theft by him. There was sufficient evidence to justify the jury in its inference that the McAllister street house was entered by defendant with felonious intent.

It has been held that where the defendant entered a drygoods store during business hours, and while there was caught in the act of attempting to steal a garment, the jury were warranted in finding him guilty of burglarious entry. (*People* v.

*Brittain,* 142 Cal. 8, [100 Am. St. Rep. 95, 75 Pac. 314].)
The statute applies to a dwelling. (Pen. Code, sec. 459. See
*People* v. *Flynn,* 73 Cal. 511, [15 Pac. 102]; *People* v. *Smith,*
86 Cal. 238, [24 Pac. 988]; *People* v. *Lang,* 142 Cal. 482, [76
Pac. 232.].)

The brief of defendant is signed by himself and purports
to be the work of his own hand. It possesses the professional
earmarks of the lawyer and is clearly not the work of a lay-
man. We are asked to scrutinize instructions requested by de-
fendant and refused by the court, numbered 29, 48 and 49, as
"he feels that they should have been given," though no reasons
are given for thus feeling. Instruction 29 was that the law
does not permit a conviction of crime on suspicion. This was
properly refused as covered by the other instructions and
particularly instruction 13 given at defendant's request. In-
struction 48 was that there was no evidence of any conspiracy
between defendant and any other person to commit the crime
charged. This instruction, if given, would have been charg-
ing the jury on a matter of fact which is forbidden (Const.,
art. VI, sec. 19), and would not have been responsive to any
issue in the case. Instruction 49 was as follows: "If the
evidence before you does not reasonably exclude the hypothe-
sis that defendant might have received the trunk and con-
tents after they had been taken by another from the premises,
132 McAllister street, then your verdict must be that the de-
fendant is not guilty, unless the evidence satisfies your minds
beyond all reasonable doubt that defendant aided and abetted
the person who took the property." Much the same may be
said of this instruction as has been said of No. 48. There was
no evidence on which to base the theory of theft by any
other person or that defendant received it from some other
person. The court gave instructions 46 and 47, at defend-
ant's request, with some proper modifications, which were
sufficient to direct the minds of the jury to the facts proven
as to the possession of the trunk by defendant and their legal
effect.

The judgment and order are affirmed.

Buckles, J., and McLaughlin, J., concurred.