[Crim. No. 1434. First Appellate District, Division Two.—January 21, 1928.]

THE PEOPLE, Respondent, v. CHARLES WESTWOOD, Appellant.

Milton T. U'Ren for Appellant.

U. S. Webb, Attorney-General, and Emery F. Mitchell, Deputy Attorney-General, for Respondent.

STURTEVANT, J.—The district attorney filed an information against the defendant charging him with the commission of the crime of burglary. The defendant pleaded not guilty and a trial was had before the trial court sitting with a jury. The jury returned a verdict of guilty. The defendant made a motion for a new trial, also a motion in arrest of judgment. The motions were denied and the defendant has appealed from the judgment and from the order denying him a new trial.

The defendant presents the point that the prosecution absolutely failed in its endeavor to prove that the defendant entered the premises with the intent to commit larceny. A consideration of the point involves at least the following facts:

Coffin-Redington Company conducts a wholesale and retail drug business at 401 Mission Street, in the city and county of San Francisco. Between the hours of 12 and 1 o'clock the employees of this company go to lunch and a sign "Closed between 12 and 1" is hung on the front door and the shades are drawn. There is a back door which at the time the defendant entered the premises was closed but unlocked. During the lunch hour on July 13, 1927, William Mahoney, a salesman in the employ of the company, was in the store and seated at a place in the salesroom at a spot from which he could not readily be seen. While seated there he heard a person coming down the floor from the shipping-room, which is in the back part of the premises. Later he saw the defendant put a comb and brush into his pocket. The defendant commenced going through more goods. When the defendant saw Mahoney seated in the room near by

defendant asked him if he had awakened him. The defendant then stated that he had come into the store to buy some adrenalin. He was told that he could make no purchases during the noon hour. He said that he would come back at 1 o'clock and started out. At first he turned toward the back door and then toward the front door. At the front door he was arrested by Mahoney. Later the police officer came and upon taking the defendant into custody he was searched and the comb and brush, the property of the company, were taken from the defendant's inside pocket. The police officer testified that the defendant asked him what he was going to charge him with and upon being informed that the charge would be burglary the defendant said, "Charge me with petit larceny." At the same time the defendant gave him the name of Charles Wilson. He admitted that he had not bought the articles taken from his pocket.

The defendant contends that in the charge of burglary intent is a necessary element. Thereupon he argues that the record contains no evidence to the effect that the defendant entered the premises 401 Mission Street with intent to steal, but that the evidence is such that the intent to steal may have been formed after the entry and that the offense, if anything, was petit larceny and not burglary. The defendant cites *State* v. *Carroll,* 13 Mont. 246 [33 Pac. 688] ; *State* v. *Moore,* 12 N. H. 42, 48, 49; *People* v. *Barry,* 94 Cal. 481, 484 [29 Pac. 1026] ; *People* v. *Lowen,* 109 Cal. 381 [42 Pac. 32]. Conceding the rule of law is as contended by the defendant, we think that the facts do not support the defendant's contention. True it is that no witnesses saw the defendant enter the back door. Nevertheless, he was heard to come from that direction and the record does not disclose how he could have entered any other door. The fact that at the time of his arrest he made a false statement as to his name was at least some evidence of guilt. The fact that he inquired as to what charge would be placed against him would seem to imply that he was conscious of having committed at least two offenses, burglary and petit larceny. In other words, the record presents some evidence showing the intent with which the defendant entered the premises and the implied finding of the jury was that he had entered the building with an unlawful intention. Under these circumstances this

court may not disturb the judgment based on that verdict. We think the conclusion which we have reached is supported by, rather than questioned by, the authorities cited by the defendant, and that it is further supported by *People* v. *Brittain*, 142 Cal. 8 [100 Am. St. Rep. 95, 75 Pac. 314], and *People* v. *King*, 4 Cal. App. 213 [87 Pac. 400.]

We find no error in the record. The judgment and order are affirmed.

Nourse, J., and Burroughs, P. J., *pro tem.*, concurred.