[Crim. No. 2168. Second Appellate District, Division One.—April 11, 1932.]

THE PEOPLE, Respondent, v. MARTIN BLAIR, Appellant.

Joseph W. Ryan and Frank J. Ryan for Appellant.

U. S. Webb, Attorney General, and John D. Richer, Deputy Attorney-General, for Respondent.

TAPPAAN, J., *pro tem.*—Appellant, together with one Stalker, was charged with the crime of burglary. The information, which was in two counts, charged that appellant and Stalker entered a store upon two separate occasions, and took therefrom certain automobile accessories. Stalker plead guilty to one of the counts in the information, and appellant entered a plea of not guilty to both counts and was placed on trial. A verdict of guilty upon both counts was found by the jury. Appellant's motion for a new trial was denied, and he appeals from the judgment entered against him and from the order denying his motion for a new trial.

From the evidence it appears that appellant was a special police officer in the city of Glendale, and was employed by a so-called merchants' patrol system in that city in the protection of stores and other places of business. Appellant's co-defendant Stalker was a police officer of the city of Glendale. There was, within the territory assigned to the defendants to patrol, a store for the sale of automobile accessories. There is no question that upon two occasions, in the night-time, and while defendants were patrolling their assigned territory, they entered this store. The complaining witness, the owner of the store, testified that on both such occasions, on closing the store the night before the alleged burglaries, he securely locked the store, and on the mornings after the burglaries he found the store likewise locked. He further testified that on both such occasions he examined the lock upon the front door in the morning and found that it had the appearance of having been tampered with during the night. His testmony also showed that on both occasions personal property, which was in the store at the time he locked it the night before, was missing in the morning after he un-

locked the store. Some of the property which he identified as so missing was afterward found in the possession of appellant, and appellant admitted that on one of the occasions he took from the store an automobile horn.

Both appellant and Stalker testified that on both of the occasions when they entered the store they found the door to the store open and unlocked, and that they never saw the other take any property from the store. But, they both admitted taking property from the store, but were uncertain as to which time when they entered the store that they took the property. There was some conversation had between them in which appellant intimated that he would like to have the horn, which he later admitted he took, and that if he took it then, that he would return and pay for it or get it as a gift.

Appellant attacks the judgment and ruling of the court on the ground that the evidence is insufficient to support the jury's verdict. Appellant urges that the evidence was insufficient to justify the verdict in that the prosecution did not prove that appellant entered the store with the intent to commit larceny. The jury were entitled to infer from the evidence as presented to them, both direct and circumstantial, that the entry to the store was made with a felonious intent. The evidence is merely conflicting on this question, and is not subject to review before this court. The jury believed the story of the complaining witness and refused to place credence in that of the defense. "In other words, the record presents some evidence showing the intent with which the defendant entered the premises and the implied finding of the jury was that he had entered the building with an unlawful intention. Under these circumstances this court may not disturb the judgment based on that verdict. We think the conclusion which we have reached is supported by, rather than questioned by, the authorities cited by the defendant, and that it is further supported by *People* v. *Brittain*, 142 Cal. 8 [100 Am. St. Rep. 95, 75 Pac. 314], and *People* v. *King*, 4 Cal. App. 213 [87 Pac. 400]." (*People* v. *Westwood*, 88 Cal. App. 505, 507 [263 Pac. 856].)

The fact that the court refused to instruct the jury to return a verdict of not guilty was not error under the circumstances present here. As has been pointed out, the evidence was sufficient to support the verdict. The other

assignments of error, that the verdict is contrary to the evidence and that the court erred in denying appellant's motion for a new trial, are both answered by our discussion of the sufficiency of the evidence.

The judgment and order appealed from are affirmed.

Conrey, P. J., and Houser, J., concurred.