THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JUAN BAUTISTA APONTE, Defendant and Appellant.

No. Cr–62–91.   Decided October 30, 1962.

*José Rafael Gelpí* and *Sergio A. Peña Clos* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Américo Serra, Assistant Solicitor General,* for The People.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

PER CURIAM.

Appellant was convicted of voluntary manslaughter by a jury, and having been charged with a subsequent offense because he served a sentence of one to five years' imprisonment in the penitentiary for the crime of embezzlement which he accepted, the court sentenced him to serve a term of ten to twelve years in the penitentiary. The only error raised is that the trial court exceeded its powers in imposing such a sentence because the crime of subsequent offense in voluntary manslaughter does not exist in Puerto Rico.

If appellant is right, the subsequent degree would not only not exist as to the crime of voluntary manslaughter but also as to a great number of crimes, all those which could be punished with any minimum penalty of less than five years the maximum of which exceeded that limit.

Section 56 of the Penal Code, 1937 ed., in its pertinent part provides as follows:█

"El reo que, habiendo sido convicto de algún delito castigado con pena de presidio, cometiere cualquier delito, después de dicha convicción, tal reo será castigado por el subsiguiente delito según se especifica a continuación:

"1. Si el subsiguiente delito *aparejare*, en primera convicción, pena de presidio por un término de más de cinco años, dicho reo será castigado con pena de presidio por un término mínimo de diez años.

"2. Si el subsiguiente delito *aparejare*, en primera convicción, pena de presidio por un término de cinco años o menos, el reo de dicho subsiguiente delito será castigado con pena de presidio por un término máximo de diez años." (Italics ours.)

Appellant argues that inasmuch as the crime of voluntary manslaughter entails a penalty which may be less than five years (having no minimum) it does not fall in the first sub-

division which requires a penalty exceeding five years. And since the aforesaid crime entails a penalty greater than five years, neither does it fall in the second subdivision which requires a penalty of five years or less. Any confusion which the Spanish text of § 56 might have caused in appellant's mind is readily cleared in the light of the English text of the section, such as it was taken in 1902 from § 667 of the Penal Code of California, before its amendment in 1903:

"Every person who, having been convicted of any offense punishable by imprisonment in the penitentiary commits any crime after such conviction, is punishable therefor as follows:

"1. If the offense of which such person is subsequently convicted is such that, upon a first conviction, an offender would be punishable by imprisonment in the penitentiary, for any term exceeding five years, such person is punishable by imprisonment in the penitentiary not less than ten years.

"2. If the subsequent offense is such that, upon a first conviction, the offender would be punishable by imprisonment in the penitentiary for five years, or any less term, then the person convicted of such subsequent offense is punishable by imprisonment in the penitentiary not exceeding ten years."

It may be observed that the original English text provides that if the offense of which such person is subsequently convicted is such that upon a first conviction the offender would be punishable by imprisonment for any term exceeding five years, said person is punishable by imprisonment for a term not less than ten years; and (2) if such person would be punishable by imprisonment for five years or any less term, such person is punishable by imprisonment for not more than ten years. The concept of the term *"aparejáre"* used in the Spanish version, is thus explained, and hence it becomes obvious that a homicide case in which pursuant to § 204 of the Penal Code the offender may be punishable by imprisonment up to ten years that is, for a term "exceeding five years," is included in § 56, No. 1. *People v. González*, 49 P.R.R. 505; *People v. Cancio*, 53 P.R.R. 520, 526-27; *People v. Douglass*,

87 Cal. 281, 286 (1890); *People* v. *Brooks*, 65 Cal. 300 (1884); *Cf. People* v. *McNeill*, 118 Cal. 388 (1897); *In re Reed*, 143 Cal. 634 (1904).

Since the law provides in such case for a ten-year minimum, the judgment imposing ten to twelve year's imprisonment in the penitentiary was not erroneous. *Cf. People* v. *Flores*, 77 P.R.R. 623; *González* v. *Jones, Warden*, 79 P.R.R. 41.

The judgment of conviction rendered by the trial court will be affirmed.